FILED
United States Court of Appeals
Tenth Circuit

July 10, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RONALD DEAN DOUGAN,

    Defendant-Appellant.

No. 11-6173

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:11-CR-00025-M-1)

---

Paul Antonio Lacy, Assistant Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

Steven W. Creager, Special Assistant United States Attorney, (Sanford C. Coats, United States Attorney, and Edward J. Kumiega, Assistant United States Attorney, with him on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **BRISCOE,** Chief Judge, **SEYMOUR** and **EBEL**, Circuit Judges.

---

**BRISCOE**, Chief Judge.

---

    Ronald Dougan, convicted of robbing a post office in violation of 18 U.S.C. §

2114(a), appeals the district court's imposition of special sex-offender conditions of

release.  The district court imposed these requirements based on Dougan's criminal history, which includes a thirty-three-year-old conviction for sexual battery and a seventeen-year-old conviction for aggravated battery, originally charged as sexual battery.  We have jurisdiction under 28 U.S.C. § 1291.  Because the underlying sexual offenses, when viewed in the factual context in which they arose, are too remote to be reasonably related to the present offense, we remand with directions to vacate the special sex-offender conditions of release imposed as a part of Dougan's sentence.  We dismiss for lack of jurisdiction Dougan's challenge to the district court's recommendation for treatment during incarceration.

**I**

In January 2011, Dougan pled guilty to robbing the Center City Post Office, in Oklahoma City, Oklahoma.  Dougan robbed the post office of $220 by passing a note to the cashier saying that he had a gun in his pocket.  He also pretended to have a gun, although he was not actually armed.

After Dougan entered his guilty plea, a probation officer prepared a Presentence Investigation Report (PSR), which chronicled Dougan's lengthy criminal history.  As is relevant here, the PSR listed a 1978 conviction for sexual battery and a 1994 conviction for aggravated battery.  Neither offense related in any way to minors.  The 1994 conviction was originally charged as sexual battery, and the arresting officer's complaint apparently described the alleged sexual battery.  The complaint is not in the record presented to us on appeal.

2

The PSR made several recommendations based on these prior offenses. First, the PSR recommended that Dougan be required to participate in a sex-offender treatment program while incarcerated. Second, it recommended that, as a condition of release, Dougan be required to submit to a sex-offender mental health assessment and a program of offender mental health treatment, potentially including a polygraph and a penile plethysmograph. Third, the PSR recommended that Dougan be required to waive all rights to confidentiality regarding the treatments. Fourth, the PSR recommended that Dougan not be allowed at any residence where children under the age of eighteen reside without the prior written permission of his probation officer. Fifth, the PSR recommended that Dougan not be allowed to associate with children under the age of eighteen except in the presence of a responsible adult who is aware of Dougan's background and who has been approved by his probation officer. Sixth, the PSR recommended that Dougan not be allowed to view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)—unless approved for treatment purposes—or frequent any place where such material is the primary product for sale. Finally, the PSR recommended that Dougan be required to register pursuant to the provisions of the Sex Offender Registration and Notification Act and any applicable state registration law.[1] The court approved all of these conditions.

---

[1] Dougan was already required to register as a result of his 1978 conviction.

3

Dougan objected to the PSR's characterization of the 1994 aggravated battery conviction, maintaining that he did not sexually batter the victim. He also objected to all of the sex-offender conditions that were recommended, arguing that they did not comport with 18 U.S.C. § 3583. Specifically, he argued that the special conditions:

> (1) [were not] reasonably related to at least one of the following: nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs[;] (2) involved a greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation[;] and (3) [were] not consistent with any pertinent policy statements issued by the Sentencing Commission.

The district court heard argument regarding Dougan's objections at sentencing. As regards the 1994 conviction, the district court reviewed the arresting officer's complaint for additional background information concerning the underlying offense. The court noted:

> The complaint of the arresting officer clearly states what it states, and I think the body of that is pretty much reflected on page 7 of the Presentence Report, that supports the statement that he committed sexual battery. It goes on to describe the specific acts he did, as they referred to it as sexual battery. Now, there was not a charge filed that was called sexual battery.

Record on Appeal (ROA), Vol. 4, at 8. The court stated that it would "not . . . ignore the report of the complaining officer in that case," id. at 11, and overruled Dougan's objection to the PSR's assessment of the 1994 conviction as an offense involving sexual

4

battery.  Id. at 12.

The district court then determined that Dougan's participation in a sex-offender treatment program while incarcerated did not involve a deprivation of liberty and was warranted by his history.  Id. at 15.  Finally, the court overruled Dougan's objections to all of the recommended conditions of supervision.  The court explained its reasoning:

> [T]he sex-offender treatment recommendations and conditions are reasonably related to defendant's prior criminal history which includes a conviction of a sex offense and . . . the instant offense and defendant's prior offenses involving sexual battery are related in that they are all violent offenses.  Additionally, . . . these sex-offender treatment recommendations and conditions do not involve a greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation.  Finally, . . . these sex-offender treatment recommendations and conditions are consistent with any pertinent policy statements issued by the Sentencing Commission.

ROA, Vol. 3, at 5.  Thus, the court recommended the sex-offender assessment and treatment while Dougan was incarcerated and also imposed the sex-offender conditions of release.

**II**

Dougan timely appealed the district court's decision, arguing that the district court erred when it (1) overruled his objection to the PSR's finding of fact related to his 1994 conviction; (2) recommended that he participate in a sex-offender treatment program

5

while incarcerated; and (3) ordered the special sex-offender conditions of release.[2]

As we ultimately conclude that the district court erred in relying on the sex crimes at issue to justify imposition of the special sex-offender conditions, we need not consider at length his objection to the PSR's finding of fact.[3]  Further, we do not have jurisdiction to address his objection to the district court's recommendation concerning treatment during incarceration because the district court's recommendations are not binding on the Bureau of Prisons and so are not appealable as "final decisions" under 28 U.S.C. § 1291 nor as a "final sentence" under 18 U.S.C. § 3742.  United States v. Yosef, 327 F.3d 56,

---

[2] Dougan challenges every condition except the registration requirement.

[3] Although we do not address the issue in detail, we note that the district court clearly erred in overruling Dougan's objection to the factual findings concerning his 1994 conviction.  The record in this case does not include a police report or sworn complaint; the record here only includes the PSR, with a brief summary of the police complaint. During the sentencing hearing, the district court held a sidebar, off-the-record discussion with the probation officer who authored the PSR.  During the sidebar, the district court read the underlying police complaint and then chose to rely on it, but the complaint itself was never entered into evidence.  This matters because not every complaint has sufficient indicia of reliability for use in sentencing.  Compare United States v. Fennell, 65 F.3d 812 (10th Cir. 1995) (complaint based on unsworn hearsay evidence taken over the phone bore insufficient indicia of reliability), with Cook, 550 F.3d 1292, 1296–97 (10th Cir. 2008) (complaint based on in-person interviews and corroborated with additional evidence bore sufficient indicia of reliability).  Because the government bears the burden of proving contested facts at sentencing by a preponderance of the evidence, the failure to obtain the admission of the complaint in evidence and to then include it in the record on appeal is fatal to its claim that the evidence was reliable.  Without a copy of the complaint in the record, we cannot assess whether it bears sufficient indica of reliability for use by the court.  Thus the court's factual finding is not "permissible in light of the entire record on appeal."  Garcia, 635 F.3d 472, 478 (10th Cir. 2011).  Nonetheless, because we conclude the court erred in considering the seventeen-year-old conviction, we will assume that the seventeen-year-old conviction was a sexual offense for the purposes of this appeal.

6

165 (2d Cir. 2003). Thus, we only address his objections to the special sex-offender conditions of release.

### A. *Standard of review.*

"When the defendant objects to a special condition of supervised release at the time it is announced, this Court reviews for abuse of discretion." United States v. Mike, 632 F.3d 686, 692 (10th Cir. 2011). This "means we will not disturb the district court's ruling 'absent a distinct showing it was based on . . . an erroneous conclusion of law or manifests a clear error of judgment.'" United States v. Batton, 602 F.3d 1191, 1196 (10th Cir. 2010).

### B. *The district court abused its discretion when it ordered special sex-offender conditions of release.*

We have described the scope of the district court's discretion when imposing special conditions of release as follows:

> District courts have broad discretion to prescribe special conditions of release. However, this discretion is not without limits. For instance, the conditions imposed must satisfy the three statutory requirements laid out in 18 U.S.C. § 3583(d). First, they must be reasonably related to at least one of following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs. Second, they must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation. Third, they must be consistent with any pertinent policy statements issued by the Sentencing Commission.

7

Mike, 632 F.3d at 692 (citations and internal quotation marks omitted). In this case, Dougan argues that as a result of the remoteness of his sex offenses, the sex-offender conditions imposed by the court are not reasonably related to the nature and circumstances of his current offense, his history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes by the defendant, or the defendant's educational, vocational, medical, or other correctional needs. Dougan's most recent sexual offense allegedly occurred sixteen years before he committed the present offense, and his conviction for sexual battery occurred thirty-two years before the present offense. He pled guilty to failure to register as a sex offender in California in 2004, and he has an outstanding warrant for another failure to comply with sex-offender registration requirements.

We have upheld the imposition of special sex-offender conditions of release for a nonsexual offense like the robbery at issue here. See, e.g., Mike, 632 F.3d at 693–94, United States v. Vinson, 147 F. App'x 763, 772–73 (10th Cir. 2005) (unpublished). But we have not announced a bright-line rule setting forth the outer limit of temporal remoteness beyond which imposition of sex-offender conditions for a nonsexual offense would not be upheld. We have determined that a nine-year-old conviction is not too remote to be reasonably related to a present offense so as to justify the imposition of special sex-offender conditions, where the defendant failed to register as a sex offender in the interim and had never undergone treatment as a sex offender. Vinson, 147 F. App'x at 772–73. We have not addressed any case where the offense which served as a basis for

8

imposition of special conditions was more remote than nine years. Our sister circuits

have, on occasion, addressed when prior convictions become too remote to justify

imposition of special sex-offender conditions. None of these cases has upheld a

sentencing court's reliance upon offenses as old as those at issue in the present case.[4]

But the district court must consider more than just the age of prior convictions

when determining whether special sex-offender conditions should be imposed. A

sentencing court imposing special conditions must consider whether the conditions are

"reasonably related to" certain of the sentencing factors of 18 U.S.C. § 3553(a), among

them "the history and characteristics of the defendant," the need "to protect the public

from further crimes of the defendant," and the need "to provide the defendant with

---

[4] The Fourth Circuit has held that twenty years is too remote. United States v. Rogers, No. 10-5099, 2012 WL 698890, at *3–4 (4th Cir. Mar. 6, 2012) (unpublished). The Sixth Circuit has held that seventeen years is too remote. United States v. Carter, 463 F.3d 526, 531 (6th Cir. 2006). The Eighth Circuit has held that thirteen years is too remote, but a gap of twelve years was not, when the defendant had also failed to register as a sex offender. United States v. Kent, 209 F.3d 1073, 1077 (8th Cir. 2000) (vacating special condition requiring mental health counseling where abuse occurred thirteen years before hearing and offense at issue involved unrelated conduct); United States. v. Smith, 655 F.3d 839, 847 (8th Cir. 2011) (upholding special sex-offender conditions, "[e]ven though [defendant's] sex offense 12 years ago might not by itself support the conditions, where his failure-to-register convictions, while not involving sexual activity, showed refusal to abide by the restrictions placed on sex offenders"). The Ninth Circuit has held that a decade-old sex offense, standing alone, was too remote to be reasonably related to special sex-offender conditions. United States v. Sharp, No. 10-30374, 2012 WL 600622, at *2 (9th Cir. Feb. 24, 2012) (unpublished). Finally, in contrast, the Eleventh Circuit has held that a ten-year-old conviction is not too remote and has not yet established an outer limit. United States v. Moran, 573 F.3d 1132, 1139 (11th Cir. 2009) (holding that defendant's previous conviction for a sexual offense ten years prior was not too remote when defendant was discovered in an exclusion zone with a minor soon after his release from prison and had failed to register, as required, as a sex offender).

needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." See 18 U.S.C. §§ 3583(d)(1); 3553(a)(1), (a)(2)(B)-(D). On different facts than those presented in the case at hand, a seventeen-year-old sex crime conviction could plausibly be reasonably related to the imposition of such conditions, and a district court would not abuse its discretion in imposing them. For example, if the defendant had an extensive history of committing sex crimes that involved minors, a seventeen-year-old sex crime conviction might not necessarily be too remote to support a condition of supervised release involving contact with minors. See United States v. Brogdon, 503 F.3d 555, 564-65 (6th Cir. 2007) (upholding special sex-offender-related conditions of supervised release in a felon-in-possession case where defendant's last sex offense was twelve years old, and distinguishing cases holding seventeen- and nineteen-year-old sex crime convictions too remote, in part because the defendant at bar had "not merely . . . a single sexual offense, but seven convictions between 1985 and 1994 for indecent exposure, covering at least nine separate incidents . . . . Some of these incidents involved minors, and most involved more than one victim. Additionally, [during the relevant period], the defendant was charged with aggravated sexual assault [on a three-year-old child]").

An extensive history of committing sex crimes says a great deal more about the defendant's history and characteristics than two isolated convictions over a thirty-three-year period, and thus more strongly supports the imposition of special conditions of

10

supervised release. See id. And a history of sexual offenses involving minors could lead a court to conclude that the defendant's history and characteristics point to a heightened public safety risk, or a high risk of recidivism, or a need for the treatment that special conditions of supervised release can provide. See id. at 565. But the case before us does not present these more troubling facts.

Stated another way, while we recognize that it is permissible to impose special sex-offender-related conditions of supervised release even where the crime of conviction is not a sex crime, see generally Mike, 632 F.3d 686 (upholding numerous sex-offender-related conditions where the crime of conviction was a non-sexual assault resulting in serious bodily injury), in such cases we would require a stronger nexus than we have here between the defendant's history and characteristics and the sex-offender-related conditions before we could conclude that the latter were "reasonably related" to the former, as required by 18 U.S.C. § 3583(d)(1). This is especially so where the special conditions of release implicate significant liberty interests, such as the requirement that Dougan submit to possible penile plethysmograph testing. See Mike, 632 F.3d at 695 ("Conditions that touch on significant liberty interests are qualitatively different from those that do not.").

In addressing the remoteness issue, the government argues we should note that in the seventeen years since his most recent sexual offense, Dougan has spent roughly ten of those years in prison. While we have not relied on this argument in other cases

11

concerning the imposition of special sex-offender conditions, we did take a similar approach in a Federal Rules of Evidence 404(b) case where the defendant had spent four of the preceding five years in prison, by concluding he "obviously had no opportunity to commit other . . . offenses." United States v. Curry, 433 F.3d 698, 702 (10th Cir. 2005). But the one circuit court to consider this question in a special-sex-offender-condition case declined to exclude from consideration for remoteness purposes any period of incarceration. The Sixth Circuit reasoned:

> Noting that he was in prison for many of these seventeen years, the government argues that Carter should not be fully credited for refraining from committing sex offenses during this period. To the extent that the government is suggesting that Carter could not have committed sex offenses in prison even if he had wanted to, prison-violence studies and the prison-violence cases regularly brought in the federal courts suggest otherwise. Moreover, if Carter had committed a sex offense while in prison, there is little doubt that the government (appropriately) would rely on it to support the imposition of a sex-offender condition. The government is not entitled to a one-way ratchet wherein prison behavior may count against but not in favor of the defendant.

United States v. Carter, 463 F.3d 526, 532 n.8 (6th Cir. 2006). This reasoning has some merit, in that Dougan could have committed sexual offenses while incarcerated and we have no evidence that he did. But we are hesitant to agree that a defendant's sex-offense-free record in prison is as probative of his proclivities as a similarly blemish-free period of time while at liberty. Accordingly, while we do not discount them entirely, we do not treat Dougan's periods of incarceration since his 1994 conviction the same as his periods out of prison. Cf. United States v. Sanchez, 667 F.3d 555, 569 (5th Cir. 2012) (holding,

12

in context of substantive reasonableness challenge to sentence length, that fifteen-year-old sex crime conviction was not too stale to be reasonably related to instant offense where defendant had spent most of the intervening time in prison or out of the country).

On the facts presented in this case, we conclude that Dougan's seventeen-year-old conviction for a sexual battery was too remote in time to be reasonably related to the imposition of special sex-offender-related conditions of supervised release where the crime of conviction was robbery of a post office. The government presented no evidence that Dougan has a propensity to commit any future sexual offenses or that Dougan has committed any sexual offense since 1994, at the latest. Dougan has shown no proclivity toward sexual violence over the last seventeen years, and he has never shown a proclivity toward sexual interactions with children. Therefore, the special sex-offender conditions of release violate the statutory requirements set forth in 18 U.S.C. § 3583(d): they are not reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs.

We acknowledge that, although the offenses at issue, in the factual context in which they arose, are too remote to be reasonably related to the sentencing at hand, Dougan's failures to register as a sex offender make this a much closer question. Dougan's failure to register is a fundamentally different kind of crime than a sex offense,

13

such that his failure to register does not completely reset the clock on the prior conduct. Even with a failure to register, no appellate court has upheld the imposition of special sex-offender conditions of release when based upon an underlying offense that is seventeen years old. Further, while the failure to register supported the district court's imposition of a sex-offender registration requirement, Dougan has not challenged that requirement on appeal. Thus, even in light of Dougan's interim failure to register, we conclude that Dougan's sexual offenses, in the factual context in which they arose, are too remote in time to be reasonably related to the present offense and to justify imposition of special sex-offender conditions of release.

## III

Accordingly, we REMAND with directions to VACATE the special sex-offender conditions of release. We DISMISS for lack of jurisdiction Dougan's challenge to the district court's recommendation for treatment during incarceration.