# United States Court of Appeals
## For the First Circuit

No. 12-1593

UNITED STATES,

Appellee,

v.

JOSÉ FELIPE MORALES-CRUZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Selya, Circuit Judges.

Héctor L. Ramos-Vega, Assistant Federal Public Defender, with whom Héctor E. Guzmán, Jr., Federal Public Defender, and Patricia A. Garrity, Assistant Federal Public Defender, were on brief, for appellant.

Dina Ávila-Jiménez, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, were on brief, for appellee.

April 5, 2013

**LYNCH, Chief Judge**.  This case concerns whether a district court abused its discretion when, in sentencing José Felipe Morales-Cruz, it imposed a particular condition of supervised release: that "[t]he defendant shall participate in a sex offender treatment[] and[/]or mental health treatment program arranged by the probation officer."  Morales-Cruz, who had a 1994 conviction for criminal sexual assault, had failed to register as required under the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), when he moved to Puerto Rico in 2010, and he was indicted for that failure.  He had also failed to register as required by law in 2009 when he lived in Florida.  And he was convicted in 2002 for failure to register as a sex offender when he lived in New Jersey.  In addition to Morales-Cruz's sex offense and his two prior failures to register as a sex offender, he had an extensive criminal record.  Further, he had a 2010 conviction for battery on the woman he lived with, a battery which ended only when a security officer intervened.

Morales-Cruz pled guilty to the federal charge of failure to register in this case.  The court sentenced him to 48 months of imprisonment, with a ten-year term of supervised release, subject to a number of conditions.  These included non-standard conditions tailored particularly to Morales-Cruz.  On the recommendation of the Probation Department in the presentence investigation report ("PSR"), one condition imposed was that Morales-Cruz would have to

participate in sex offender treatment and/or mental health treatment programs arranged by the probation office. He appeals.

## I.

Morales-Cruz does not appeal from his 48-month sentence and agrees that he is in need of at least mental health treatment. Nor does he take any issue with the delegation to the probation officer to choose which type of treatment program he should receive after his imprisonment. His sole objection is to the possibility that the probation officer may deem a sex offender treatment program to be appropriate. His primary argument is that his one conviction for a sex offense was in 1994, some 16 years before his present offense, that date is too long ago to justify the present condition, and nothing else about his history of other offenses, including his multiple failures to comply with SORNA, provided a permissible justification for the condition. As a result, he says the condition is not reasonably related to the nature of the offense or his history or characteristics. We disagree.

## II.

Our review of the conditions of supervised release is for abuse of discretion. United States v. Sebastian, 612 F.3d 47, 50 n.2 (1st Cir. 2010). We take the undisputed facts from the record.

Morales-Cruz's PSR included specific facts concerning the defendant's characteristics. At the time of sentencing, Morales-Cruz was 58 years old, had a seventh-grade education, and was

-3-

single and without dependents, though he had two adult daughters. His employment was in jobs such as a butcher, a carpenter, an assistant mechanic, and in maintenance. He had never paid any income tax. Morales-Cruz admitted to using cocaine and heroin daily since he was twenty years old and had last used these substances the day before his arrest for the present offense. He had never participated in any drug treatment program.

Morales-Cruz had ten prior convictions, several of which we highlight. At age 41, he pled guilty in New Jersey to attempted criminal sexual assault on an adult female victim. The crime is described in the record:

> [O]n September 24, 1994 in Passaic NJ, the defendant assaulted [the victim], and tried to force her to have sexual intercourse. The defendant fought with the victim, and she sustained a bruise on her right cheek and ear, a cut on her right hand, and both knees were bruised. The defendant left the apartment on foot. An attempt to arrest the defendant at his residence was made, to no avail.

Morales-Cruz was arrested four days later and sentenced to 4 years of imprisonment.

Morales-Cruz's record shows a pattern of failure to comply with court orders and conditions of probation imposed for his crimes. At ages 44 and 45, Morales-Cruz was found in contempt of court by two separate courts in New Jersey, arising out of state offenses. At age 48, in 2002, Morales-Cruz was convicted in New Jersey of failure to register as a sex offender and was originally put on 18 months of probation. Within six months, his probation

-4-

was revoked and he was sentenced to 15 months of imprisonment. At age 50, he was convicted of theft and placed on probation; probation was then revoked and he was sentenced to three years of imprisonment. There were also drug crimes and a bench warrant outstanding for him.

Significantly, in 2010, after he had moved to Florida, he did not contest the battery charges he faced for assaulting an adult female victim. The record states:

> On September 4, 2009 . . . [a] security guard for the apartment complex and [sic] while he was on patrol he could hear yelling and screaming in the area of apartment 7-5. When he approached the apartment, the door was open and he noticed the defendant, Jose F. Morales, grabbing the victim . . . by the hair and tossing her around the room. Tavarez then saw Morales strike her in the head area with an open hand. Tavarez pulled his taser and ordered Morales to the ground. Morales complied and went to the ground. Tavarez radioed to his supervisor who called 911. She further stated that the defendant arrived home intoxicated and began to argue with her. Morales then grabbed her hair and hit her in the head. [The victim] never gave Morales permission to hit her or pull her hair. Morales and [the victim] had been living together as a couple for a period of two years.

Morales-Cruz was sentenced to a jail term and 320 days of probation. He violated the terms of probation and had an active Florida warrant at the time of his arrest in Puerto Rico.

At the April 2012 sentencing hearing, the court correctly stated the legal requirements for imposing sentencing and supervised release. Morales-Cruz does not suggest otherwise, and there is no claim of procedural error. The court assessed Morales-Cruz's particular history, characteristics, and conduct, and stated

-5-

it found the sentence and conditions appropriate because of a need to protect the community and for deterrence, avoiding recidivism, and to promote defendant's rehabilitation:

> The Court in making an assessment to impose a sentence takes into account other factors in 18 U.S.C. 3553(a) and understands that the nature and the circumstances of the offense of Defendant reflects that he has a lack of respect for other individuals. He has prior records that include criminal sexual assault, failure to register, and battery, among others. It reflects that as an individual he has a lack of control, and there is a need to protect the community from this individual.

The court then concluded:

> The Court must promote that Mr. Morales make insight of his wrongdoings and that he be afforded adequate -- and that adequate deterrence to the criminal -- his criminal conduct be afforded. The Court must protect the community from individuals like Mr. Morales who openly disrespect the law by engaging in continuous criminal conduct and fail to abide by their supervision convictions, as failing to register as reflected in the presentence investigation report.

### III.

In United States v. York, 357 F.3d 14 (1st Cir. 2004), this court set forth the legal criteria for imposition of supervised release conditions, as well as for appellate review of those conditions. We stressed that "the facts of [a defendant's] underlying offense and criminal history are pertinent to the district court's choice of supervised release conditions":

> This is so by statute. Under 18 U.S.C. § 3583(d), the district court may impose any special condition of supervised release that it considers "appropriate," provided that the condition satisfies certain specified criteria. One such criterion is that the condition imposed be "reasonably related to the factors set forth

-6-

> in section 3553(a)(1)." Id. § 3583(d)(1). Section 3553(a)(1), in turn, requires the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." See also U.S.S.G. § 5D1.3(b).

Id. at 17.

In York, we noted that there were limitations on the district court's power to fashion conditions of supervised release. Id. at 20. The critical test is whether the condition is reasonably related to one or more of the goals of supervised release. Id. The district court here specifically made that link. It stated that Morales-Cruz had a lack of control, did not respect others, needed to be deterred, and that the community needed protecting from him.

Morales-Cruz argues that failure to register is not a sex offense, though he acknowledges that sex offender treatment may be imposed in a case in which the underlying crime is not a sex offense. See id. at 19-20. Contrary to Morales-Cruz's main argument, the court appropriately considered his failure to register under SORNA in three jurisdictions, and "[t]he condition that he attend sex-offender treatment is plainly related to his criminal history," id. at 21, as well as to his present offense.

SORNA requires sex offenders to "register, and keep the registration current, in each jurisdiction where the offender resides," 42 U.S.C. § 16913(a), by providing certain "information to the appropriate official for inclusion in the sex offender

-7-

registry," id. § 16914(a), and by appearing in person at prescribed intervals to "allow the jurisdiction to take a current photograph, and verify the information in each registry in which that offender is required to be registered," id. § 16916. Sex offenders must keep registration current for periods that vary based on the character of the underlying sex offense, and that may be reduced if the offender maintains a clean record. Id. § 16915. Jurisdictions are required to make available on the Internet all information about each sex offender in the registry. Id. § 16918.

SORNA registration serves a purpose: to protect the community from the risks posed by convicted sex offenders by requiring registration and then by providing notification. See 42 U.S.C. § 16901; United States v. Parks, 698 F.3d 1, 5 (1st Cir. 2012); see also Smith v. Doe, 538 U.S. 84, 99 (2003) (noting, with respect to analogous requirements under Alaska law, that "[t]he purpose and the principal effect of notification are to inform the public for its own safety"). Registration requirements such as those SORNA imposes are justified by the high recidivism rate for offenders. Id. at 105 ("[R]ecidivism is the statutory concern").

Yet Morales-Cruz made a conscious choice to defeat those purposes in three different jurisdictions. And he did so in two jurisdictions after he had already served time in prison for failing to register in New Jersey, and knew there would be a penalty for failure to register. These continuing failures

-8-

certainly permit a rational inference that Morales-Cruz presented a recidivism risk and warranted deterrent punishment. His conduct undermined the efforts made by Congress in SORNA, and by the states in their statutes, to combat the risks of recidivism.

In McKune v. Lile, 536 U.S. 24, 33 (2002), the Supreme Court noted that sexual offender treatment programs while in prison serve legitimate penological objectives of rehabilitation. It stressed the widespread agreement that such programs "can enable [defendants] to manage their impulses and in this way reduce recidivism." Id. Given Morales-Cruz's manifest lack of respect for the SORNA registration requirements, and the reasonable inference that his refusal to comply with these requirements poses a risk of recidivism, the district court's imposition of sex-offender treatment was reasonably related to Morales-Cruz's present offense as well as to his criminal history, which included a recent assault on an adult female. There was no abuse of discretion.

To support his argument to the contrary, Morales-Cruz cites six cases in which courts of appeals reversed conditions of supervision. All are distinguishable. For example, none of the cases Morales-Cruz cites involve a defendant with a recent conviction for violence against a female victim. In four of these cases, the challenged conditions bore no relationship to the offense of conviction and the defendant's recent criminal history provided no basis for the conditions. See United States v. Sharp,

469 F. App'x 523 (9th Cir. 2012) (sex-offender conditions reversed where defendant convicted of being a felon in possession of a firearm, no suggestion of prior sex offender registration convictions, and district court failed to provide justification for challenged conditions); United States v. Carter, 463 F.3d 526 (6th Cir. 2006) (sex-offender conditions reversed where defendant convicted of being a felon in possession of a firearm, prior sex offense was 17 years old, and no suggestion of prior sex offender registration convictions); United States v. Scott, 270 F.3d 632 (8th Cir. 2001) (sex-offender conditions reversed where defendant convicted of armed bank robbery and no suggestion of prior sex offender registration convictions); United States v. Kent, 209 F.3d 1073 (8th Cir. 2000) (mental health conditions reversed where defendant convicted of mail fraud). In a fifth case, the challenged sex-offender conditions bore no relationship to the offense of conviction -- robbery of a post office -- the prior sex offense was 17 years old, and there was no recent incident of personal violence against women. See United States v. Dougan, 684 F.3d 1030 (10th Cir. 2012). The court stated that the defendant's "failures to register as a sex offender make this a much closer question." Id. at 1037. In the sixth case, the prior sex offense was over twenty years old, and though the offense of conviction was failing to register under SORNA, there was no suggestion that the defendant had chronically failed to comply with sex-offender

-10-

registration requirements, as here.  See United States v. Rogers, 468 F. App'x 359, 362–64 (4th Cir. 2012) (per curiam).

## IV.

The judgment of the district court is affirmed.

**-Dissenting Opinion Follows-**

**TORRUELLA, <u>Circuit Judge</u> (Dissenting).** Because I find that the district court's imposition of the special condition of supervised release -- participation in a sex offender treatment program with accompanying requirements -- is not "reasonably related to the factors set forth in section 3553(a)(1)," namely, the "nature and circumstances of the offense and the history and characteristics of the defendant," I am forced to dissent. 18 U.S.C. §§ 3553(a)(1), 3583(d)(1); <u>see also</u> U.S.S.G. § 5D1.3(b). Nor do I find that the challenged condition is "sufficiently related to one or more of the permissible goals of supervisory release," <u>United States</u> v. <u>Brown</u>, 235 F.3d 2, 6 (1st Cir. 2000), which include: (1) the need to deter the defendant from further criminal conduct; (2) the need to protect the public from further crimes by the defendant; and (3) the effective educational, vocational, medical, or other correctional treatment of the defendant. U.S.S.G. § 5D1.3(b)(1); <u>see also</u> 18 U.S.C. § 3583(d)(1).

First, the imposed special condition is not tailored to the nature and circumstances of the offense or to Morales-Cruz's criminal history and characteristics as required under U.S.S.G. § 5D1.3(b)(2). The Government offered no evidence regarding Morales-Cruz's "characteristics" that touch on either past sexual behavior or misconduct, so my review will focus on whether the special condition was reasonably related to his criminal history.

-12-

While Morales-Cruz has prior convictions, his conviction for attempted sexual assault on an adult female victim occurred approximately eighteen years before the instant SORNA conviction and is too remote in time to be reasonably related to the imposition of the special condition here. There is ample precedent from sister circuits rejecting the imposition of special conditions where the sex offense conviction is temporally remote. See United States v. Dougan, 684 F.3d 1030, 1036 (10th Cir. 2012) (imposition of special condition of sex offender treatment vacated where most recent sexual offense occurred sixteen years prior to the convicted crime); United States v. Rogers, 468 F. App'x. 359, 363 (4th Cir. 2012) (vacating imposition of sex offender treatment special condition where criminal sexual assault conviction in over twenty years old and there was no evidence before the district court that such an act of violence characterized defendant's offense behaviors in the years since he was released from incarceration); United States v. Sharp, 469 F. App'x. 523, 525 (9th Cir. 2012) (special sex offender treatment conditions vacated where defendant's sex offense was more than a decade old at the time of sentencing, "making it too remote to justify the conditions by itself"); United States v. Carter, 463 F.3d 526, 531 (6th Cir. 2006) (seventeen-year-old conviction for a sex offense "too remote in time to justify the imposition of a sex-offender-treatment condition in 2005); United States v. Scott, 270 F.3d 632, 636 (8th Cir. 2001)

(sex offender special condition reversed where fifteen-year-old conviction for forcible rape and sodomy of defendant's nine-year-old stepdaughter was too remote); United States v. Kent, 209 F.3d 1073, 1077 (8th Cir. 2000) (abuse against wife thirteen years prior to mail fraud conviction too remote for imposition of special condition of supervisory release of mental health treatment).

While it may be permissible to impose special sex-offender-related conditions where the convicted crime is not a sex crime, I agree with the Tenth Circuit that "such cases . . . would require a stronger nexus . . . between defendant's history and characteristics and the sex-offender-related conditions before . . . conclud[ing] that the latter were 'reasonably related' to the former." Dougan, 684 F.3d at 1036. The nexus in this case is not strong enough. Morales-Cruz has committed no sexual offense-based crimes since his 1994 conviction; he is not a recidivist sex offender. See United States v. York, 357 F.3d 14, 20 n.5 (1st Cir. 2004) (distinguishing the imposition of the sex offender special condition to defendant York, "a recidivist sex offender," from the reversal of such imposition in Scott, where "the only evidence of sexual misconduct by the defendant was a single conviction over fifteen years old [and t]he court concluded that that sex-offender treatment was unnecessary because the defendant's sex-related misconduct had ceased.").

The instant and 2002 SORNA failure-to-register convictions, while troubling, are not in themselves sufficient to establish a reasonable relation to the imposition of a special condition of a sex offender treatment program. The SORNA offenses on their face do not constitute sexual offenses nor are they defined as such by the Guidelines for purposes of supervised release. See U.S.S.G. § 5D1.2 cmt. n.1 (2003) ("Sex offense" means "an offense, perpetrated against a minor," including, inter alia, domestic assault by a habitual offender, kidnaping, sex trafficking, or conspiracy to commit those crimes). Further, the record provides no indication that Morales-Cruz's failure to register coincided with or made more likely a return to his commission of sexual offenses. "Even with a failure to register, no appellate court has upheld the imposition of special sex-offender conditions of release when based upon an underlying offense that is seventeen years old," Dougan, 684 F.3d at 1037, until the majority in this case. The reasoning of the majority -- that continuing failures to register permit "a rational inference that Morales-Cruz presented a recidivism risk and warranted deterrent punishment" -- is unwarranted and inappropriate speculation lacking support in the record. It confuses a possible rational inference of recidivism and deterrence concerns as to criminal conduct generally with the entirely unfounded speculation that Morales-Cruz presented recidivism risks and needed deterrence

-15-

from committing further sexual offenses.  In fact, there is no record support for Morales-Cruz's recidivism of sexual offenses.[1] Further, the majority's reasoning is ripe for double-counting, rationalizing a district court's discretion to impose a special condition outside the Sentencing Guidelines to increase a sentence due to a harm that has already been fully accounted for and based on temporally distant sex-offense and failure-to-register convictions that the defendant has already served sentences for.

Nor does the record show that the special condition was reasonably necessary to achieve the goals of supervisory release. Those goals, as summarily listed by the district court at its sentencing hearing, include: (1) the need to protect the community; (2) promoting defendant's "insight of his wrongdoings"; and (3) deterrence.

First, while Morales-Cruz's criminal record may justify his sentence and all of the other special conditions imposed by the district court, it is unclear why a sex offender treatment program would fulfill the need to protect the community in this particular

---

[1]The danger of recidivism should not be construed based on general statistics of recidivism by sexual offenders, but rather by an assessment of the conduct of a particular sexual offender, particularly when a district court imposes a non-guideline sentence. See, e.g., United States v. Miller, 601 F.3d 734, 739 (7th Cir. 2010) ("An above-guidelines sentence is more likely to be reasonable if it is based on factors [that are] sufficiently particularized to the individual circumstances of the case rather than factors common to offenders with like crimes.") (internal quotation marks and citations omitted).

case. The district court has given no indication of how defendant's temporally remote sex-offense conviction followed by a consistent failure to commit a sexual offense would present a danger to the community of defendant committing another sexual offense, thus warranting the imposition of a sex offender treatment program. Rather, as stated supra, a contrary inference from the record is more likely: there appears to be no relationship between defendant's failure to register and the commission of sexual offenses. Further, in demonstrating defendant's danger to the community, the district court listed traits associated with Morales-Cruz's criminal conduct generally, but those traits only traced a pattern of criminal conduct, not a pattern of committing offenses with a sexual component (e.g., "The Court must protect the community from individuals like Mr. Morales who openly disrespect the law by engaging in continuous criminal conduct and fail to abide by their supervision convictions . . . .").[2]

Second, the goal of promoting defendant's "insight of his wrongdoings" may be construed as a rehabilitative goal. However, while the imposition of a sex-offender treatment program may rehabilitate a person with a proven proclivity of committing sexual

_____

[2]We also note that the district court did not order Morales-Cruz professionally evaluated "for the purpose of obtaining a reliable expert opinion whether participation in a treatment program for sexual offenders actually comported with the needs of society or of" Morales-Cruz himself. See Rogers, 468 F. App'x at 363.

-17-

offenses, Morales-Cruz has demonstrated no such proclivity. He may have demonstrated a proven proclivity towards criminal conduct, but not towards sexual offenses. Therefore, it is unclear how sex offender treatment would rehabilitate him as to sexual crimes if he has not committed such crimes in the past 18 years, and it is even less clear how the treatment program could "rehabilitate" him from committing the non-sexual offense-based failure-to-register or other crimes he has committed in the past 18 years. Unless a sex offender treatment program could be shown to be reasonably related to rehabilitation from non-sexual crimes more generally, including failure-to-register crimes, I cannot find a reasonable connection here.

Finally, the above arguments support a finding that there is no reasonable relationship between defendant's criminal history and record, the imposition of a sex offender treatment program, and the goal of deterrence. See United States v. T.M., 330 F.3d 123, 1240 (9th Cir. 2003) ("The fact that [the defendant] has lived the last twenty years without committing a sex offense suggests that he no longer needs to be deterred or shielded from the public."); Scott, 270 F.3d at 636 ("Because the condition was based on conduct that occurred more than a decade before the current offense, the condition would not serve the goals of deterrence or public safety"); Kent, 209 F.3d at 1077 ("[T]he use of the condition as a deterrent makes little sense in light of the fact that the behavior

-18-

to be deterred had ceased independently."). The majority opinion appears to infer a specific subjective state of mind on the part of Morales-Cruz that would warrant the imposition of the special condition. Specifically, it appears to infer from the record a state of mind from his continued failure to register that "he was likely to or wanted to commit additional offenses freed from the constraints of registration." I find it difficult to join in that conclusion when defendant has provided us an 18-year record of the opposite state of mind. The district court has imposed a sentence and a series of quite burdensome special conditions tailored to defendant's record that defendant does not challenge; in my view, it is unreasonable to impose additional conditions of the type challenged on appeal which rely on pure speculation and assumptions regarding defendant's propensity towards specifically sexual offense-based crimes.

Because the special condition imposed constitutes a "greater deprivation of liberty that is reasonably necessary" to achieve the purposes of supervisory release, U.S.S.G. § 5D1.3 (b)(2), I respectfully dissent.