**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4552**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

RONALD SHANE JOHNSON,

       Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:13-cr-00152-RBH-1)

---

Submitted:  December 16, 2013     Decided:  January 13, 2014

---

Before GREGORY, SHEDD, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Shane Johnson pled guilty without a plea agreement to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). He was sentenced to imprisonment of twelve months and one day. Johnson now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that there are no meritorious issues for appeal. Johnson was advised of his right to file a pro se supplemental brief, but he has not filed such a brief. We affirm.

Johnson's arguments on appeal have no merit. He first contends that the district court did not comply with Fed. R. Crim. P. 11. Our review of the transcript of the Rule 11 proceeding reveals, however, that the court fully complied with the Rule and, further, that Johnson's plea was knowingly and voluntarily entered.

Johnson next argues that his sentence is unreasonable. Our review of the record, including the presentence investigation report and the sentencing transcript, discloses that his sentence was procedurally and substantively reasonable and that the court did not abuse its discretion in imposing a sentence below Johnson's Guidelines range. See United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir. 2011).

Finally, we reject Johnson's argument that the district court erred when it imposed as special conditions of release the requirements that he undergo sex offender treatment and pay for sex offender, substance abuse, and mental health treatment in accordance with the Probation Office's directive. First, in light of the recent nature of the underlying sex offense and Johnson's subsequent, inappropriate contact with minors following that conviction, mandating sex offender treatment did not constitute an abuse of discretion warranting remand. See United State v. Morales-Cruz, 712 F.3d 71, 74-76 (1st Cir. 2013). Second, requiring offenders to pay for all or part of court-ordered treatment is statutorily authorized and does not constitute an improper delegation to the Probation Office of the district court's authority. See 18 U.S.C. § 3672 (2006); United States v. Smith, 55 Fed. App'x 716 (5th Cir 2002). Accordingly, we discern no abuse of discretion warranting remand with respect to this special condition.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's conviction and sentence. This court requires that counsel inform Johnson, in writing, of his right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous,

3

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED