**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4323**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHARLES W. NAUMANN,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Chief District Judge. (3:13-cr-00829-TLW-1)

---

Submitted: October 29, 2014     Decided: November 10, 2014

---

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kimberly H. Albro, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Jamie Lea Nabors Schoen, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles W. Naumann pled guilty, without a plea agreement, to failure to register under the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a) (2012). The district court sentenced him to a Guidelines term of imprisonment of thirty-five months and an above-Guidelines term of supervised release of fifteen years. Naumann appeals, claiming that his sentence is procedurally and substantively unreasonable. We affirm.

In reviewing a district court's sentence, we first determine whether "the district court committed [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). If there is no significant procedural error, the court must then review the sentence imposed, "whether inside, just outside, or significantly outside the Guidelines range[,]" for substantive reasonableness "under a deferential abuse-of-discretion standard." Id. at 41. Substantive reasonableness is determined by considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51. The court "must give due deference to the district

2

court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," and the fact that we might have imposed a different sentence "is insufficient to justify reversal of the district court." Id.

Naumann argues that the district court erred by failing to address the § 3553(a) factors when it denied his request for a downward variance. We conclude that the record belies his claim, and the court did adequately address the sentencing factors.

Next, Naumann asserts that the district court improperly relied on erroneous factual findings to impose an above-Guidelines term of supervised release. A court's factual findings at sentencing must be supported by the preponderance of the evidence and will be reversed only for clear error. United States v. Grubbs, 585 F.3d 793, 798-99, 803 (4th Cir. 2009). First, Naumann argues that the district court erroneously relied on a disputed Facebook post without finding it reliable. Any perceived error in this regard is harmless, however, because the district court did not rely the Facebook post when delivering Naumann's sentence. See United States v. Juarez-Gomez, 750 F.3d 379, 379 (4th Cir. 2014) (In reviewing sentencing determinations, we "must reverse if we find error, unless we can conclude that the error was harmless.").

3

Naumann also argues that the district court erroneously found that he previously failed to register as a sex offender. Although the district court did misspeak by referencing Naumann's past failures to register, in view of the entirety of the court's discussion, we conclude that the court was alluding to part of the conduct underlying the offense of conviction.

Naumann further asserts that the district court erred by failing to explain why it imposed certain special conditions of supervision. While the need to explain the chosen sentence includes any special conditions of supervised release, United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009), here the sentencing transcript reveals that the district court adequately explained its reasons. Accordingly, Naumann's sentence is procedurally reasonable.

Naumann also claims that the length of his term of supervised release is substantively unreasonable, alleging that the district court based its decision to vary upward solely on other cases and not on an individualized assessment of his case. This assertion is contradicted by the record, which shows that, while the district court relied on precedent in determining its authority to vary, it properly conducted an individualized assessment before selecting a variance sentence.

4

Naumann next argues that the district court improperly relied upon the severity of his offense and the need for punishment under 18 U.S.C. § 3553(a)(2)(A), in violation of 18 U.S.C. § 3583(c) (2012). Having reviewed the statements cited by Naumann, we conclude that the district court mentioned the severity of the offense solely with respect to its proper consideration of deterrence and protection of the public. Although the district court's written statement of reasons supporting the variance briefly cites § 3553(a)(2)(A) as one of the factors considered by the district court, the court's statements at the sentencing hearing make it clear that the district court did not improperly consider the need for punishment in imposing a variance term of supervised release.

Finally, Naumann argues that the supervised release requirements of mental health treatment and polygraph testing are substantively unreasonable. Because Naumann did not object to these conditions at sentencing, we review them for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing plain error standard). The district court stated that it was imposing the mental health treatment and polygraph requirements so that experts could determine whether Naumann needed sex offender treatment. This court has held that a twelve-year-old sex offense against a minor does not, standing

5

alone, justify special conditions related to sex offenders. United States v. Worley, 685 F.3d 404, 409 (4th Cir. 2012); see also United States v. Morales-Cruz, 712 F.3d 71, 74 (1st Cir. 2013) (distinguishing cases involving recent sex offenses from cases where sex offenses were more remote). In this case, the sex offense was less than five years old, and the district court did not impose sex offender conditions but took the more measured approach of having Naumann monitored to determine whether sex offender treatment is necessary. Therefore, any error in the district court's imposition of these requirements was not plain.

Accordingly, we hold that the sentence imposed by the district court is procedurally and substantively reasonable, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED