TORRUELLA, Circuit Judge,
concurring,
with whom THOMPSON, Circuit Judge, joins in the concurrence.
I join the court’s opinion but write separately to note my continued and vehement disagreement with United States v. Morales-Cruz, 712 F.3d 71 (1st Cir.2013), a case that forecloses us from finding a miscarriage of justice with respect to the sex offender treatment condition. See Slip. Op. at 12-13. As I explained in my dissent in Morales-Cruz, a case remarkably similar to the one presently before us, “the district court’s imposition of the special condition of supervised release — participation in a sex offender treatment program with accompanying requirements— [wa]s not reasonably related to the factors set forth in section 3553(a)(1),” nor was it “sufficiently, related to one or more of the permissible goals of supervisory release.” Morales-Cruz, 712 F.3d at 76 (Torruella, j., dissenting) (internal quotation marks and citations omitted). The same is true here. The district court inexplicably failed to give any explanation as to why it was imposing this condition on Del Valle-Cruz or how the condition was reasonably related either to the nature and circumstances of his failure to register offense or to his criminal history and characteristics. Yet, because of Morales-Cruz, this panel cannot remedy what, in my view, is a clear abuse of discretion and miscarriage of justice by the district court.
Unfortunately, this is not an isolated occurrence. There is a disturbing trend in this circuit of district courts imposing similar boilerplate conditions of supervised release on every defendant convicted of a *65 failure to register charge under SORNA.[13] • Even more troubling, these district courts often neglect to provide any rationale for the imposition of these harsh and exacting conditions; instead, they simply note that the conditions “are fairly standard” in these types of cases. See, e.g., United States v. Mercado, 777 F.3d 532, 535 (1st Cir.2015) (approving of the district court’s thorough explanation for why numerous conditions of supervised release were imposed but also quoting the district court as stating that the no contact with minors conditions “are fairly standard in sex offender eases”). Morales-Cruz implicitly endorses this practice through its faulty reasoning. Thus, not only is Morales-Cruz wrong on the merits, but it also provides fodder for a disturbing and questionable practice. I strongly urge my colleagues to reconsider this erroneous decision.

. Like Del Valle-Cruz, these conditions include invasive sex offender treatment and proscription against any contact with minors.