**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2438
_____

UNITED STATES OF AMERICA

v.

CASEY CUNNINGHAM,
                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cr-00137-001)
District Judge: Hon. Robert F. Kelly

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 2, 2020

Before: GREENAWAY, JR., PORTER, and MATEY, *Circuit Judges*.

(Filed:  April 29, 2020)
_____

OPINION*

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Casey Cunningham appeals from an order modifying the terms of his supervised release. While we find no abuse of discretion, the scope of the District Court's order warrants clarification. So we will affirm in part and vacate in part, and remand to the District Court for further proceedings consistent with this opinion.

## I. BACKGROUND

In 2012, Cunningham pleaded guilty to three counts of bank robbery. Prior to sentencing, the Probation Office prepared a Presentence Investigation Report (PSR) detailing Cunningham's past criminal record, including a 1997 plea of nolo contendere for sexual assault against a minor leading to seven and a half years imprisonment. The District Court sentenced him to 96 months' imprisonment followed by three years' supervised release.

Just before Cunningham's release, the Probation Office sought additional conditions on the terms of his supervised release. Citing Cunningham's 2012 PSR and the 1997 sexual assault conviction, the Office characterized Cunningham as "a 'hands on' sex offender" who "has a mental health history of suicide ideation and attempts, as well as being sexually abused as a child." (App. at 102.) The Office requested that Cunningham participate in a sex offender and mental health evaluation program and, while in treatment, undergo a psychosexual evaluation.

Before ruling on the petition, the District Court ordered Cunningham to undergo a psychosexual evaluation. The psychologist's report recommended that Cunningham (1) attend sex-offense-specific individual and group therapy, unless he could provide

2

documentation that he had completed sex offense mental health treatment; (2) engage in and complete relapse-prevention counseling and therapeutic exercises; (3) take a polygraph within the first six months of treatment; (4) be strictly limited from contact with minors; (5) abstain from drugs and alcohol; (6) adhere to restrictions and requirements of probation/parole; and (7) receive routine medical care. Following the evaluation, the Probation Office renewed its petition to modify the terms of Cunningham's supervised release, requesting that the Court impose each of the report's recommendations.

The District Court granted the motion. Along with Cunningham's original terms of supervised release, the Court ordered him to complete a "sex offender/mental health program" and to submit to any assessments or testing deemed necessary to monitor compliance with his supervised release and treatment conditions. (App. at 9.) The Court also barred Cunningham from any "unmonitored or unsupervised contact with minors." (App. at 9.) Cunningham appeals from that Order.[2]

## II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT MODIFIED THE TERMS OF CUNNINGHAM'S SUPERVISED RELEASE

As part of a criminal sentence, a court may impose a term of supervised release after imprisonment. *See* 18 U.S.C. § 3583(a). A term of supervised release comes with certain conditions, some mandatory and some the court may impose at its discretion. *See id.* § 3583(d). But any conditions imposed beyond those mandated by statute must be

---

[2] The District Court had original jurisdiction under 18 U.S.C. § 3231, and jurisdiction to modify Cunningham's sentence under 18 U.S.C. § 3583(e). This Court has jurisdiction to review that sentence modification under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review modifications of the terms of supervised release for abuse of discretion. *See United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013).

3

reasonably related to factors listed in § 3553(a), and involve no greater deprivation of liberty than reasonably necessary. *See id.* §§ 3583(d)(1)–(2).

We have noted that § 3553(a) factors levy "real restriction[s] on the district court's freedom to impose conditions on supervised release." *United States v. Pruden*, 398 F.3d 241, 248 (3d Cir. 2005). They require "'some evidence' that the special conditions imposed are 'tangibly related' to the goals of supervised release." *United States v. Holena*, 906 F.3d 288, 290 (3d Cir. 2018) (quoting *United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007). While "not an especially high standard" it has "teeth." *Pruden*, 398 F.3d at 249.

Cunningham argues that the sentence modification is not reasonably related to his crimes or characteristics, and argues the change is not narrowly tailored. Nor, he claims, do the new conditions serve a legitimate purpose. He notes that the prior conviction supporting the changes occurred more than twenty years ago and is therefore "too remote to justify" new conditions. (Opening Br. at 13.) In support, Cunningham cites cases rejecting similar modifications. *See, e.g., United States v. Carter*, 463 F.3d 526, 527 (6th Cir. 2006); *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003); *see also United States v. Dougan*, 684 F.3d 1030, 1031 (10th Cir. 2012).

But we conclude Cunningham's case fits within § 3553(a). First, while the underlying sexual offense is not recent, a new psychosexual evaluation recommended that Cunningham both participate in sex offender treatment, and be barred from unsupervised contact with minors. And after serving his prison term for the sexual assault, Cunningham fled from supervision and failed to register as a sex offender for four years until he was eventually arrested. Despite his contention that he had completed sex offender treatment

4

as part of his sentence for the 1997 sexual assault conviction, Cunningham could not produce evidence confirming this fact. Moreover, Cunningham is ordered to undergo sex offender treatment only until he is successfully discharged. Based on these circumstances, the sentence modification imposed by the District Court is tailored enough to Cunningham's history and characteristics, affords adequate deterrence, and protects the public. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(C). The modification also ensures that Cunningham receives needed medical care and rehabilitative treatment. *See id.* § 3553(a)(2)(D). In sum, ample evidence shows the conditions are "tangibly related to the goals of supervised release" and "justif[ied] . . . [by] supporting facts." *Holena*, 906 F.3d at 290 (internal quotation marks and citations omitted).

### III.  THE DISTRICT COURT SHOULD DETERMINE THE PROPER SCOPE OF THE SENTENCE MODIFICATION

Cunningham also argues that the portion of the sentence modification that bars him from unsupervised contact with any minors denies him the ability to see his minor son. Because of the "severe intrusion on . . . family life" that results from that possibility, we seek a "clear[] sign" from the District Court that it considered the issue. *United States v. Loy*, 237 F.3d 251, 270 (3d Cir. 2001). As the record here is unclear, a point all but conceded by the Government,[3] we will remand this portion of the sentence modification so the District Court may engage in fact-finding and determine the proper scope of its order.

---

[3] (*See* Response Br. at 38–39.)

## IV. CONCLUSION

For the above reasons, we will affirm in part and vacate in part, and remand in part the District Court's sentence modification order.