**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

WESLEY A. BEAR,

     Defendant - Appellant.

No. 13-6207

---

**Appeal from the United States District**
**Court for the Western District of Oklahoma**
**(D.C. No. 5:13-CR-00047-M-1)**

---

Submitted on the briefs:[*]

Brooke A. Tebow, Assistant Federal Public Defender, Oklahoma City, Oklahoma, for Appellant.

Sanford C. Coats, United States Attorney, and Timothy W. Ogilvie, Assistant United States Attorney, Oklahoma City, Oklahoma, for Appellee.

---

Before **HARTZ, PHILLIPS,** and **McHUGH,** Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

**McHUGH**, Circuit Judge.

---

Defendant, Wesley A. Bear, pled guilty to one count of failing to register or update a registration as a sex offender in violation of 18 U.S.C. § 2250. At sentencing, the district court imposed certain special sex offender conditions of supervised release in addition to its standard conditions of supervised release. Mr. Bear objected to the conditions restricting his contact with children and requiring him to submit to sex offender mental health assessment and treatment. The district court overruled his objections, and Mr. Bear now appeals.

This case requires us to resolve three disputes. First, Mr. Bear argues it was an abuse of discretion for the district court to impose sex offender conditions where his conviction of the prior sex offense occurred twelve years before this conviction. Second, Mr. Bear contends the conditions involve a greater deprivation of liberty than reasonably necessary to achieve the purposes of sentencing. Third, Mr. Bear claims the special conditions are not consistent with pertinent policy statements issued by the Sentencing Commission. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM in part, VACATE in part, and REMAND to the district court for further proceedings consistent with this opinion.

# I.    BACKGROUND

In 2001, Mr. Bear was convicted in Iowa state court on two counts of committing lascivious acts with a child. According to the criminal complaint, from 1994 to 1996, Mr. Bear forced one female under the age of twelve to engage in oral and sexual intercourse with him and fondled the genitals of another female child. As a result of his conviction for these sex offenses, Mr. Bear is required to register as a sex offender by the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250. Nine years after his sex offenses, in 2010, Mr. Bear was convicted of a sex offender registration violation in a different part of Iowa.

Following his 2010 SORNA conviction, Mr. Bear married and purchased a trailer, which he placed on tribal land in Tama, Iowa. He used the trailer's address in his Iowa sex offender registration. Shortly thereafter, Mr. Bear, his wife, and their three young children moved to his mother-in-law's house in Oklahoma City. Mr. Bear did not update his registration. When this omission was discovered, Mr. Bear was arrested and charged with the present failure to comply with SORNA, to which Mr. Bear pled guilty.

The district court sentenced Mr. Bear to twenty-three months of imprisonment and five years of supervised release. In addition to the standard conditions of supervised release, the court imposed sex offender conditions of supervised release. One condition required Mr. Bear to "submit to a sex offender mental health assessment and a program of sex offender mental health treatment, as directed by the U.S. Probation Officer, until such time as the defendant is

-3-

released from the program by the probation officer." R. Vol. 1 at 31. Two other conditions prohibited Mr. Bear from being "at any residence where children under the age of 18 are residing without the prior written permission of the U.S. Probation Officer" or associating "with children under the age of 18 except in the presence of a responsible adult who is aware of the defendant's background and current offense, and who has been approved by the U.S. Probation Officer." R. Vol. 1 at 31.

Mr. Bear objected to the imposition of these conditions, asserting they violated 18 U.S.C. § 3583(d).[1] Specifically, he claimed the underlying sex offenses, which he committed seventeen years prior to sentencing, were too remote in time to be reasonably related to the imposition of conditions of supervised release. He also argued the conditions improperly restricted his right to see and parent his own children, and the assessment and treatment condition

---

[1] 18 U.S.C. § 3583(d) authorizes further conditions of supervised release if each condition:

> **(1)** is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>
> **(2)** involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> **(3)** is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a) . . . .

was unnecessary because he underwent an assessment and completed treatment around the time of his sex offense conviction.

The district court overruled Mr. Bear's objections and imposed the special conditions of supervised release. The court reasoned that an assessment and further treatment based on that assessment were appropriate because there was no record evidence of a prior assessment or treatment.[2] It also rejected Mr. Bear's objection to the restrictions on his contact with his children, noting the condition was not a total ban—Mr. Bear could still parent in the presence of an approved adult supervisor—and Mr. Bear's prior sex offense, though old, involved minor children.

Mr. Bear now appeals from the imposition of the challenged sentencing conditions.

## II.    DISCUSSION

### A.    Standard of Review

"When the defendant objects to a special condition of supervised release at the time it is announced, this Court reviews for abuse of discretion." *United States v. Dougan*, 684 F.3d 1030, 1034 (10th Cir. 2012). Thus, "we will not disturb the district court's ruling absent a showing it was based on a clearly

---

[2] Mr. Bear was unable to produce records of the alleged prior assessment and treatment because the doctor who had allegedly performed the treatment had moved and was unresponsive to Mr. Bear's inquiries.

erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) (internal quotation marks omitted).

### *B.    Governing Law*

District courts have broad discretion to impose special conditions of supervised release. *See United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011). The limits of that discretion are prescribed by 18 U.S.C. § 3583(d), which requires the conditions (1) be reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3583(d) ("Statutory Sentencing Factors"); *id.* § 3553(a); *Mike*, 632 F.3d at 692. Sex offender conditions of supervised release may be imposed, even at sentencing for crimes which are not sex crimes, if supported by § 3583(d). *United States v. Hahn*, 551 F.3d 977, 983–86 (10th Cir. 2008); *United States v. King*, 431

F. App'x 630, 635–36 (10th Cir. 2011)[3] (unpublished) (affirming sex offender conditions of supervised release where the defendant was convicted of violating SORNA); *see also United States v. Morales-Cruz*, 712 F.3d 71, 72 (1st Cir. 2013) (affirming sex offender conditions imposed at sentencing for SORNA violation where the defendant had an extensive criminal record and two prior convictions for violating SORNA); *United States v. Brogdon*, 503 F.3d 555, 563–66 (6th Cir. 2007) (affirming sex offender conditions imposed at sentencing for being a felon in possession of a firearm where the defendant had seven convictions for indecent exposure, some of which involved minors, and a conviction of assault based on allegations that he had "plac[ed] his intimate parts on his three-year old son").

Mr. Bear raises three challenges to the assessment and treatment condition and the restrictions on his contact with children, which we address in turn. First, he argues his underlying sex offense conviction is too old to be reasonably related to the sex-offender conditions imposed. Second, he contends the conditions involve a greater deprivation of liberty than reasonably necessary in violation of § 3583(d)(2). Third, he claims the conditions are not consistent with pertinent policy statements issued by the Sentencing Commission.

---

[3] Although not precedential, we find the reasoning of this court's unpublished opinions instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

### C.     Mr. Bear's prior conviction is reasonably related to his special conditions of supervised release.

Prior sex offenses can be too temporally remote for sex-offender conditions of supervised release to be reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs. *United States v. Dougan*, 684 F.3d 1030, 1034 (10th Cir. 2012). There is no bright-line rule for the outer limit of temporal remoteness, in part because district courts must consider more than just the age of a defendant's prior conviction. *Id.* at 1034–35. In addition to the time that has passed since the prior conviction, the district court must consider whether the special conditions are "reasonably related to" the Statutory Sentencing Factors in 18 U.S.C. § 3553(a). *Id.* at 1035; 18 U.S.C. §§ 3583(d)(1); 3553(a)(1), (a)(2)(B)-(D); *see also United States v. Vinson*, 147 F. App'x 763, 771–75 (10th Cir. 2005) (unpublished) (upholding sex offender conditions based on a nine-year-old conviction where there was no evidence the defendant had undergone mental health treatment and he had an intervening conviction for failure to register under SORNA).

In *United States v. Mike*, we addressed the imposition of special conditions following an assault conviction, when a defendant's sexual offense occurred nine years before the assault, and twelve years prior to his assault conviction. 632 F.3d 686, 689 (10th Cir. 2011). One condition limited Mr. Mike's access to computers.

*Id.* at 693. Although we remanded to have the condition clarified on other grounds, we held it was reasonably related to both protecting the public from future crimes and providing Mr. Mike with correctional treatment because he had committed a gruesome sex offense, he continued to have sexual deviance problems, and he had serious mental health problems. We held those factors justified restricting his access to computers and thereby, the material available on the internet that appeals to individuals prone to committing sexual offenses. *Id.* at 693–94.

We have also recognized significantly older sexual offenses, "viewed in the factual context in which they arose," can be too remote to be reasonably related to a subsequent offense. *Dougan*, 684 F.3d at 1031. The defendant in *Dougan* pled guilty to robbery sixteen years after being convicted of an aggravated battery, which was originally charged as sexual battery, and thirty-three years after being convicted of sexual battery. *Id.* Mr. Dougan had not shown any proclivity toward sexual violence between the aggravated battery and robbery convictions, did not manifest a propensity to do so in the future, and the government had presented no evidence of a predilection toward sexual interactions with children. *Id.* at 1037. In light of those facts, we held Mr. Dougan's sexual offenses were too remote in time to be reasonably related to his later offenses and did not justify special sex-offender conditions of release. *Id.*

In *Dougan*, we identified two other factors relevant to the consideration of whether old offenses could support the imposition of sex offender conditions of

supervised release. First, we noted Mr. Dougan had interim convictions for failure to register as a sex offender under SORNA. *Id.* While we did not find those convictions determinative, standing alone, we explained they made the issue "a much closer question." *Id.* As a second relevant factor, we acknowledged the case could have been resolved differently if it had involved "more troubling facts," such as a defendant with "an extensive history of committing sex crimes" or "a history of sexual offenses involving minors." *Id.* at 1035–36.

Applying this analysis to the present case, we note the age of Mr. Bear's prior offenses falls between that of the twelve-year-old conviction in *Mike* and the seventeen-year-old conviction in *Dougan*. Mr. Bear's prior sex offense conviction was twelve years prior to sentencing here, and his criminal conduct underlying that conviction occurred seventeen years before the present SORNA conviction. Nonetheless, this case presents "more troubling facts" than *Dougan*. Mr. Bear's sex offenses occurred multiple times over the course of two years, involved two child victims, and included oral and sexual intercourse with a child under the age of twelve.[4] Although the facts in the record here are less graphic than those described in *Mike*, Mr. Bear's conduct is at least as troubling. Thus we hold Mr. Bear's prior sex offense was reasonably related to the imposition of the special sex offender conditions and survive his § 3583(d)(1) challenge.

---

[4] Although we typically rely on evidence introduced at trial or in an evidentiary hearing, rather than facts alleged in a criminal complaint, the district court relied on these allegations at sentencing and Mr. Bear has not disputed them for purposes of appeal.

The assessment and treatment condition is also reasonably related to Mr. Bear's history and characteristics, the need to protect the public from future crimes, and his need for correctional treatment. Mr. Bear engaged in sexual acts with minors, at least one of whom was under twelve. Although Mr. Bear argues he completed mental health treatment after his sex offense conviction, he has not supported that allegation with documentation. Furthermore, Mr. Bear's intervening sex offender registration conviction and current SORNA conviction, while fundamentally different than the underlying sex offenses, are not entirely unrelated and raise concerns that Mr. Bear may not comply with his ongoing SORNA obligations. This justifies special conditions related to rehabilitation and monitoring. *See Dougan*, 684 F.3d at 1037; *Vinson*, 147 F. App'x at 772–73 (affirming an assessment and treatment condition where the defendant could not establish he had previously been assessed, so long as treatment was required only if supported by the assessment). Accordingly, the assessment and treatment condition also survives Mr. Bear's § 3583(d)(1) challenge.

### D. *The special condition of supervised release restricting Mr. Bear's contact with his children creates a greater deprivation of liberty than reasonably necessary, but the special condition requiring mental health assessment and treatment does not.*

Special conditions of supervised release must "involve[] no greater deprivation of liberty than is reasonably necessary" to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation. 18 U.S.C. § 3583(d)(2); *see also United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011).

-11-

Mr. Bear argues the challenged conditions here impose an unreasonable deprivation of his liberty. We begin our analysis of this claim by addressing the conditions of supervised release limiting Mr. Bear's contact with children. We then turn to the assessment and treatment condition and consider both Mr. Bear's statutory challenge and his argument, advanced for the first time on appeal, that the district court improperly delegated its sentencing authority to Mr. Bear's probation officer.

## 1. Restrictions on Mr. Bear's Contact with Children

Mr. Bear argues the restrictions on his contact with children are improper because they prevent him from being alone with his own children. When a defendant has committed a sex offense against children or other vulnerable victims, general restrictions on contact with children ordinarily do not involve a greater deprivation of liberty than reasonably necessary. *United States v. Smith*, 606 F.3d 1270, 1282–83 (10th Cir. 2010). But restrictions on a defendant's contact with his own children are subject to stricter scrutiny. "[T]he relationship between parent and child is constitutionally protected," and "a father has a fundamental liberty interest in maintaining his familial relationship with his [children]." *United States v. Edgin*, 92 F.3d 1044, 1049 (10th Cir. 1996). Given the importance of this liberty interest, "special conditions that interfere with the right of familial association can do so only in compelling circumstances," *Smith*, 606 F.3d at 1284, and it is imperative that any such restriction "be especially fine-tuned" to achieve the statutory purposes of sentencing. *Edgin*, 92 F.3d at 1049.

The present record does not provide compelling evidence that could support restrictions on Mr. Bear's contact with his own children. The government presented no evidence that in the twelve years since Mr. Bear's sex offense conviction he has committed any sexual offense, displayed a propensity to commit future sexual offenses, or exhibited a proclivity toward sexual violence. Nor is there any evidence in the record that Mr. Bear has continuing deviant sexual tendencies, fantasizes about having sex with children, or has otherwise displayed a danger to his own three children. Under these circumstances, Mr. Bear's 2001 conviction for sex offenses is simply too remote in time, standing alone, to provide compelling evidence justifying infringement upon Mr. Bear's right of familial association. Thus we vacate the conditions limiting Mr. Bear's ability to be at his children's residence and his ability to be alone with his children without supervision.

## 2. Mental Health Assessment and Treatment

We next consider Mr. Bear's challenge to the assessment and treatment condition. Although conditions requiring a mental health evaluation and treatment affect a liberty interest and must be supported by particularized findings by the district court, we have generally found a defendant's commission of a sex crime enough to require an initial mental health assessment and treatment consistent with that assessment. *See Mike*, 632 F.3d at 698–99. Where the district court was unable to confirm whether Mr. Bear had been assessed and treated at the time of his sex offense convictions, it did not impermissibly invade Mr. Bear's liberty

interests by requiring a mental health assessment and treatment as a condition of supervised release.

For the first time on appeal, Mr. Bear raises a related but distinct issue. He argues the assessment and treatment condition unconstitutionally delegates sentencing authority to the probation officer. We review this argument for plain error. *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006). To prevail on this unpreserved claim, Mr. Bear "must establish (1) that the district court committed error, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Charles*, 576 F.3d 1060, 1065 (10th Cir. 2009). Because we conclude the district court did not err, we do not reach the other requirements of plain error review.

Article III of the United States Constitution confers the authority to impose punishment on the judiciary, and the judiciary may not delegate that authority to a nonjudicial officer. *Mike*, 632 F.3d at 695; *United States v. Kent*, 209 F.3d 1073, 1078 (8th Cir. 2000). To decide whether a condition of supervised release improperly delegates judicial authority to a probation officer, we "distinguish between [permissible] delegations that merely task the probation officer with performing ministerial acts or support services related to the punishment imposed and [impermissible] delegations that allow the officer to decide the nature or extent of the defendant's punishment." *Mike*, 632 F.3d at 695. This inquiry focuses on the liberty interest affected by the probation officer's discretion. "Conditions that touch on significant liberty interests are qualitatively different

-14-

from those that do not." *Id.* As a result, allowing a probation officer to make the decision to restrict a defendant's significant liberty interest constitutes an improper delegation of the judicial authority to determine the nature and extent of a defendant's punishment. *Id.*

In *Mike*, we explained that certain mental health treatment tools like residential treatment, penile plethysmograph testing, and the involuntary administration of psychotropic drugs constitute greater infringements on a defendant's liberty than outpatient mental health care or other more routine treatment and assessment tools. *Id.* at 695–96; *see also Addington v. Texas*, 441 U.S. 418, 425 (1979); *United States v. Bradley*, 417 F.3d 1107, 1113 (10th Cir. 2005); *United States v. Stoterau*, 524 F.3d 988, 1005–06 (9th Cir. 2008); *United States v. Weber*, 451 F.3d 552, 563 (9th Cir. 2006). However, where a broad condition of supervised release is ambiguous and could be read as restricting a significant liberty interest, we construe the condition narrowly so as to avoid affecting that significant liberty interest. *Mike*, 632 F.3d at 696 (construing mental health assessment and treatment conditions of supervised release narrowly so as not to implicate the defendant's significant liberty interests).

Here, the district court required Mr. Bear to "submit to a sex offender mental health assessment and a program of sex offender mental health treatment, as directed by the U.S. Probation Officer, until such time as the defendant is released from the program by the probation officer." R. Vol. 1 at 31. Although the condition is broadly worded, we interpret it to reflect the probation officer's

representation to the district court that the results of the assessment would dictate the scope of any treatment plan. Similarly, we read the condition as not delegating to the probation officer the authority to impose conditions that implicate Mr. Bear's significant liberty interests, such as residential treatment, penile plethysmograph testing, or the involuntary administration of psychotropic drugs. Construed narrowly, the trial court did not err in imposing the mental health assessment and treatment conditions of supervised release because they do not improperly delegate judicial authority to Mr. Bear's probation officer.

### E. The conditions of supervised release were consistent with pertinent policy statements issued by the Sentencing Commission.

Mr. Bear's final argument is that the conditions of supervised release were not consistent with policy statements issued by the Sentencing Commission. Because there is nothing in the policy statements supporting a prohibition on association and contact with children, he contends we must reverse those conditions.[5] As support for that position, Mr. Bear relies on 18 U.S.C. § 3583(d)(3), which requires special conditions to be "consistent with any pertinent policy statements issued by the Sentencing Commission." But we do not read this provision as requiring the conditions to be expressly covered by policy

---

[5] Mr. Bear also reiterates his argument that there was no evidence that he needed mental health treatment. As discussed, the absence of any verification that Mr. Bear had undergone a mental health assessment and treatment after his sex offense conviction and Mr. Bear' subsequent SORNA conviction provided a sufficient connection between this condition and Mr. Bear's current SORNA offense.

statements. Rather, § 3583(d)(3) mandates only that the conditions not directly conflict with the policy statements. Therefore, when considering challenges to supervised release conditions brought under § 3583(d)(3), courts tend to evaluate them under § 3583(d)(1), which requires that conditions be reasonably related to certain § 3553(a) factors. *United States v. Kent*, 209 F.3d 1073, 1077–78 (8th Cir. 2006); *see United States v. Hopson*, 203 F. App'x 230, 232–33 (10th Cir. 2006) (unpublished); *see also United States v. Majors*, 426 F. App'x 665, 668–69 (10th Cir. 2011) (unpublished) (citing the Sentencing Guidelines in reviewing a condition requiring mental health treatment, but primarily deciding the issue as a challenge to sufficiency of § 3553(a) justifications).

As explained above, we reject Mr. Bear's § 3583(d)(1) challenges and see nothing in the policy statements that compels a different result. U.S.S.G. § 5D1.3(d)(5) recommends mental health program participation if a court has reason to believe the defendant is in need of treatment. Evidence that a defendant has committed sex crimes can show a defendant needs mental health treatment. *United States v. Miles*, 411 F. App'x 126, 129 (10th Cir. 2010) (unpublished) (concluding that e-mail messages and chat room comments supported imposition of sex offender mental health assessment and treatment). Mr. Bear has also failed to identify any policy statements that discourage limiting his contact with children other than his own, due to his prior sexual offenses against two child victims.

Accordingly, we reject Mr. Bear's claim that the special conditions are not consistent with policy statements issued by the Sentencing Commission.

## III. CONCLUSION

For the foregoing reasons, Mr. Bear's sentence is AFFIRMED in part, VACATED in part, and we REMAND for further proceedings consistent with this order.