# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3524

_____

United States of America

*Plaintiff - Appellee*

v.

Jennifer Patricia Gresham

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 5, 2017
Filed: July 25, 2017
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Jennifer Gresham's supervised release was revoked, the district court[1] sentenced her to three months' imprisonment and two additional years of supervised

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

release, with a special condition requiring her to live in the Northern District of Iowa. She appeals this special condition, and we affirm.

In 2011, Gresham pleaded guilty to bank fraud and aggravated identity theft. She was sentenced to 24 months' imprisonment with a five-year term of supervised release. The district court permitted her to reside in California while serving her period of supervised release. In 2016, the court determined that Gresham had violated the terms of her supervised release by failing to: (1) keep up with her restitution payments, (2) answer her probation officer's inquiries truthfully, (3) participate in mental health treatment, (4) report to her probation officer when directed, (5) follow her probation officer's instructions, and (6) abstain from using methamphetamine. As a result, the court revoked her supervised release, sentenced her to three months' imprisonment, and imposed an additional two-year term of supervised release.

As a condition of her second supervised release term, the district court required that Gresham reside in the Northern District of Iowa, instead of in California where she had primary custody of her children, one of whom will still be a minor during her term of supervised release. The district court explained that it "likes to work with offenders who are not meeting their obligations under [its] orders, [and] give them a second chance, but if [it] can't get her cooperation, she's going to have to move back here where [it] can supervise her." The court also explained that Gresham faced practical, logistical problems relating to her inability to travel from California to Iowa to respond to violations of her supervised release. Finally, the district court maintained that the Eastern District of California's unwillingness to supervise Gresham was another reason why Gresham would have to reside in the Northern District of Iowa. Gresham did not object to this special condition. On appeal, however, she argues that we should vacate the special condition because it is a greater deprivation of liberty than reasonably necessary. *See* 18 U.S.C. § 3583(d)(2).

While "[w]e generally review the terms and conditions of supervised release for an abuse of discretion . . . . [w]hen a defendant failed to raise a timely objection to those terms . . . our review is only for plain error." *United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003) (citations omitted). Gresham "must show that the district court committed an error that is plain, that affects [her] substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mayo*, 642 F.3d 628, 631 (8th Cir. 2011). For a plain error to affect a defendant's substantial rights, the defendant must show that the error "affected the outcome of the district court proceedings." *United States v. Wallette*, 686 F.3d 476, 485 (8th Cir. 2012) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

A district court may impose a term of supervised release following imprisonment and require—as a condition of supervised release—that a defendant "reside in a specified place or area, or refrain from residing in a specified place or area." 18 U.S.C. § 3563(b)(13). "A district court has broad discretion to order special conditions of supervised release as long as the conditions are reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); . . . involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and . . . are consistent with any pertinent policy statements issued by the Sentencing Commission." *Wallette*, 686 F.3d at 483 (quotations and internal alterations omitted). "A court's findings may be based on any information other than materially false information," though it "may not impose conditions on the basis of pure speculation or assumptions." *United States v. Schaefer*, 675 F.3d 1122, 1124 (8th Cir. 2012) (quotations omitted). Gresham contends that the district court plainly erred in three ways when it imposed the special condition forcing her to reside in the Northern District of Iowa.

First, Gresham claims that requiring her to live in Iowa constituted plain error because it restricted her contact with her minor child and was therefore a greater

deprivation of liberty than reasonably necessary. She cites *United States v. Bear*, 769 F.3d 1221, 1229 (10th Cir. 2014), for the proposition that we should vacate a special condition of supervised release when it functionally prevents a defendant from having contact with his or her minor child. *Bear*, however, is more limited than Gresham suggests because the special condition it rejected prohibited the defendant from associating with any person under the age of eighteen, including the defendant's three minor children. *Id.* at 1224-25. Here, Gresham's minor child is not legally restricted from living with, visiting, or contacting her—so long as the interactions occur in the Northern District of Iowa. Thus, Gresham's argument does not compel reversal, and we find no plain error here.

Second, Gresham contends that the district court plainly erred in imposing the special condition because her ex-husband is not a suitable guardian and there is no evidence that he is able or willing to care for their minor child. Thus, she argues that, because only she can care for her minor child, the special condition allegedly imposed a greater deprivation of liberty than was reasonably necessary. We disagree. The district court noted that the father had visitation rights and formerly took care of the minor child when Gresham "was arrested initially after traveling all over the country committing these frauds." The Presentence Investigation Report also noted that the minor child has "been in [the] father's full-time custody since the defendant's arrest." The court therefore had a proper basis to find that Gresham's ex-husband could suitably care for their children, and, as a result, this argument also fails to convince us that the district court plainly erred in imposing the special condition.

Third, Gresham argues that the district court plainly erred because its "primary reason" for imposing the special condition was a mistaken belief that the Eastern District of California's probation office was unwilling to supervise Gresham. As a result, she alleges that the special condition was a greater deprivation of liberty than reasonably necessary. Again, we are unpersuaded. Gresham claims that the Eastern District of California's probation office did not express an unwillingness to supervise

her. According to Gresham, the probation office simply was unwilling to assume jurisdiction to institute revocation proceedings against her because, as she argues, "the violations were not viewed as sufficiently serious by that office." However, she failed to present any evidence—such as an affidavit from the probation office—attesting to its willingness to supervise her. Without more, she has failed to demonstrate that the district court erred—let alone plainly or obviously so—in finding that the Eastern District of California's probation office would be unwilling to supervise her. *See Olano*, 507 U.S. at 734 (holding that an error is "plain" when it is "clear" or "obvious.").

Furthermore, even assuming that the district court was mistaken, and that this error was plain, Gresham has not shown that her substantial rights were affected. In addition to finding that the Eastern District of California's probation office was unwilling to supervise Gresham, the district court explained that Gresham faced practical, logistical problems relating to her inability to travel to Iowa to respond to violations of her supervised release terms. More importantly, the record indicates that Gresham was allowed to serve her first supervised release term in California but failed to comply with the conditions. The district court noted that "maybe [Gresham] needs to come back to Iowa and go into a residential reentry center where we can make sure she gets employment, starts paying on her restitution, stops using drugs, and kind of makes a smoother transition." We find that this explanation demonstrates that the district court's decision to impose the special condition was based on the appropriate § 3553(a) factors, such as affording adequate deterrence to criminal conduct and providing correctional treatment in the most effective manner. *See* 18 U.S.C. §§ 3553(a)(2)(B), (D). Thus, Gresham cannot show that the alleged mistaken belief—that the Eastern District of California's probation office was unwilling to supervise her—"affected the outcome of the district court proceedings." *See Wallette*, 686 F.3d at 485 (quotation omitted). As a result, the district court did not plainly err in requiring Gresham to reside in the Northern District of Iowa.

-5-

Accordingly, we affirm the judgment of the district court.

_____