**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONALD LEE COHEE,

    Defendant - Appellant.

No. 17-3099
(D.C. No. 5:13-CR-40101-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Mr. Donald Lee Cohee appeals a special condition of supervised release that prevents him from having unsupervised contact with his minor child. Because he failed to object to this condition in the district court, we apply plain error review. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm Mr. Cohee's sentence.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Mr. Cohee pleaded guilty in 2014 to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  The district court sentenced him to 24 months' imprisonment and five years' supervised release.  The special conditions of his supervised release included a prohibition against "unsupervised contact with any minor."  R., Vol. 1 at 19, ¶ 6.  The court imposed this condition over Mr. Cohee's objection, but he did not appeal his sentence.

The district court revoked Mr. Cohee's supervised release in November 2016 after he failed to comply with a special condition requiring that he successfully participate in a sex offender treatment program.  The court sentenced him to 11 months' imprisonment, followed by three years' supervised release.  It once again imposed a special condition limiting Mr. Cohee's contact with minors, specifically:

> The defendant shall have no contact with any person under the age of 18 except:  (1) in the presence of an adult who is aware of the nature of the defendant's background and offense(s), and who has been approved by the U.S. Probation Office; (2) in the course of normal commercial business; or (3) in other cases of unintentional and incidental contact.

*Id.* at 29, ¶ 6.  Mr. Cohee did not object to this condition or appeal his sentence.

In January 2017, Mr. Cohee was released to supervision again.  He violated a condition of his release within two months, resulting in another revocation.  The district court imposed another 11-month prison sentence, as well as a three-year term of supervised release.  In deciding on this sentence, the court stated it had considered the nature and circumstances of Mr. Cohee's violation, his characteristics, and the

2

Sentencing Commission's policy statements. It also concluded that the three-year term of supervised release was necessary to protect the public.

The district court indicated it would once again impose mandatory and special conditions of supervised release, specifically stating that it would continue to include a condition forbidding Mr. Cohee from having contact with minors, with the previous exceptions including when "in the presence of an adult who is informed and aware of the nature of [his] background and offenses and who the probation office has approved." R., Vol. 2 at 29. The court found that "this condition of supervision is warranted to prevent further sex crimes based on [Mr. Cohee's] criminal history." *Id.*

In response to the district court's tentative ruling, Mr. Cohee stated that he "object[ed] to all of it." *Id.* at 31. He then proceeded to raise two specific objections unrelated to the special condition limiting his unsupervised contact with minors. He concluded by stating, "I guess just generally speaking I would object to the sentence." *Id.* at 32.

## II.     Discussion

Mr. Cohee appeals the special condition of supervised release limiting his contact with minors to the extent there is no exception allowing him to have unsupervised contact with his four-year-old daughter. He contends that, without that exception, the condition violates 18 U.S.C. § 3583(d)(2) and his constitutional right to familial association.

"When the defendant objects to a special condition of supervised release at the time it is announced, this Court reviews for abuse of discretion." *United States v.*

3

*Mike*, 632 F.3d 686, 691 (10th Cir. 2011).  But if the defendant fails to object, we review only for plain error.  *Id.*

### A.    Mr. Cohee did not Object to the Special Condition of Supervised Release in the District Court

The government argues that Mr. Cohee's general objection to the entirety of his sentence was insufficient to preserve the specific challenge to a supervised release condition that he raises on appeal.  "An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling."  *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) (internal quotation marks omitted).

> In federal criminal cases, Rule 51(b) tells parties how to preserve claims of error:  'by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection.'  Failure to abide by this contemporaneous-objection rule ordinarily precludes the raising on appeal of the unpreserved claim of trial error.

*Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting Fed. R. Crim. P. 51(b)).  "If an error is not properly preserved, appellate-court authority to remedy the error (by reversing the judgment, for example, or ordering a new trial) is strictly circumscribed."  *Id.* at 134.  Moreover, a defendant's objection must be sufficiently specific to alert the district court to the issue eventually raised on appeal; otherwise "the district court is deprived of the opportunity to correct its action in the first instance."  *United States v. Winder*, 557 F.3d 1129, 1136 (10th Cir. 2009).  "[A]n objection must be definite enough to indicate to the district court the precise ground for a party's complaint."  *Id.* (internal quotation marks omitted).

4

Here, Mr. Cohee did not specifically object to the special condition limiting his unsupervised contact with minors. In particular, he did not object that the condition violates § 3583(d)(2) or his constitutional right to familial association. Mr. Cohee argues that his general objection to the entirety of his sentence was sufficient to preserve his appeal issue when combined with his expressions of dissatisfaction during the sentencing hearing regarding the legal impediments preventing him from seeing his daughter.

We disagree. Although Mr. Cohee did mention, during the sentencing hearing, that both his federal sentence and a state-court order precluded unsupervised contact with his daughter, he did so in the context of arguing for a non-custody sentence. *See* R., Vol. 2 at 14-20. He asked the district court to order his placement in a facility where he could be evaluated for treatment of his depression, which he claimed was caused by "the fact he has never been able to see his daughter." *Id.* at 16. But he told the court that he was "not asking the court for any kind of remedy in that." *Id.*[1] Rather, he asked "to be able to have somebody address . . . his depression to help him get past that particular problem and to get on with his life." *Id.* at 17; *see also id.* at 23-24 (reiterating that his depression stems from not seeing his daughter and asking for mental health treatment rather than a prison sentence).

---

[1] The government argues based on this statement that Mr. Cohee waived any right to have unsupervised contact with his daughter during his supervised release and his right to challenge the special condition on appeal. While the statement is relevant to our analysis whether Mr. Cohee *objected* to the condition, we do not find it sufficient to constitute a clear waiver of either right.

Mr. Cohee's general objection at sentencing, along with his comments about his inability to see his daughter, his resulting depression, and his request to avoid another prison sentence, failed to alert the district court to the issue he raises on appeal. The special condition limiting his contact with minors does not *prevent* Mr. Cohee from seeing his daughter while on supervised release; it permits him to do so if supervised as specified in the condition. Thus, when the court responded to Mr. Cohee's arguments in favor of placement in a mental health facility rather than prison, it pointed to two *other* issues that have kept him from seeing his daughter: his "inability or unwillingness to complete [his] term of supervised release," resulting in his return to prison, and "whatever restriction a state court apparently has imposed on [his ability to see his daughter]," over which the court said it had no control. *Id.* at 25.

Ultimately, after the district court specifically stated it would re-impose the same special condition prohibiting unsupervised contact with all minors, Mr. Cohee raised only a general objection to his entire sentence and unrelated specific objections. He failed to raise *any* specific objection to the special condition he challenges on appeal, much less an objection to its lack of an exception allowing unsupervised visitation with his minor daughter. Mr. Cohee did not alert the district court to the issue he raises on appeal and seek a ruling on it; consequently, the court had no opportunity to correct the alleged error in the first instance. *Winder*, 557 F.3d at 1136.

**B.     Mr. Cohee Fails to Show Plain Error[2]**

"A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). To establish plain error, the defendant "must demonstrate that there is (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mann*, 786 F.3d 1244, 1249 (10th Cir. 2015) (internal quotation marks omitted). "Meeting all four prongs is difficult, as it should be." *Puckett*, 556 U.S. at 135 (internal quotation marks omitted). "We will find plain error only when an error is particularly egregious, and the failure to remand for correction would produce a miscarriage of justice." *Mann*, 786 F.3d at 1249 (internal quotation marks omitted).

"District courts have broad discretion to prescribe special conditions of release," subject to the three statutory requirements in 18 U.S.C. § 3583(d). *Mike*, 632 F.3d at 692. First, special conditions "must be reasonably related to at least one of following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs." *Id.* They must also "involve no greater

---

[2] The government argues that Mr. Cohee has waived plain-error review by not arguing for its application in his opening brief. We do not ordinarily consider issues not adequately addressed in an opening brief. *See United States v. Courtney*, 816 F.3d 681, 684 (10th Cir.), *cert. denied*, 137 S. Ct. 238 (2016). But we have exercised our discretion to do so where a criminal defendant argued for plain error in his reply brief. *See id.* We choose to do so here.

deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation" and "be consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.*

Mr. Cohee first argues that the district court plainly erred in depriving him of unsupervised contact with his minor daughter under our reasoning in *United States v. Burns*, 775 F.3d 1221 (10th Cir. 2014). But we held in *Burns* that the court plainly erred when it failed to make any findings in support of a special condition of supervised release. *See id.* at 1223 (holding that "[t]he district court failed to make the required findings" and "[o]ur precedents unambiguously require supporting findings when courts impose special conditions"). Here, Mr. Cohee acknowledges that the district did make a finding. Therefore, contrary to his assertion, this case is not "just like" *Burns*. Aplt. Reply Br. at 17.

Mr. Cohee next argues that no evidence in the record justifies a special condition infringing on his familial rights, and in particular, that his previous sex offense convictions are too remote in time to justify the condition the district court imposed. For this proposition he relies on *United States v. Bear*, 769 F.3d 1221, 1225-26, 1229 (10th Cir. 2014), in which the defendant argued that restrictions on his contact with children were improper because they prevented him from being alone with his own children. We explained: "When a defendant has committed a sex offense against children or other vulnerable victims, general restrictions on contact with children ordinarily do not involve a greater deprivation of liberty than

8

reasonably necessary. But restrictions on a defendant's contact with his own children are subject to stricter scrutiny." *Id.* at 1229 (citation omitted). We held that special conditions can interfere with a parent's "fundamental liberty interest in maintaining his familial relationship with his children. . . . only in compelling circumstances." *Id.* (brackets and internal quotation marks omitted).

In *Bear*, we vacated a special condition of supervised release that was substantially similar to the condition Mr. Cohee challenges on appeal. *See id.* at 1225, 1229. We held that the "record [did] not provide compelling evidence that could support restrictions on [the defendant's] contact with his own children." *Id.* at 1229. More specifically, we found there was no evidence in the years since the defendant's sex offense conviction of any new sexual offense, a propensity to commit such offenses, a proclivity toward sexual violence, continuing deviant sexual tendencies, or fantasies about sex with children. *Id.* Nor was there evidence that the defendant had "otherwise displayed a danger to his own three children." *Id.* We concluded that, under these circumstances, the defendant's 12-year-old sex offense conviction was "simply too remote in time, standing alone, to provide compelling evidence justifying infringement upon [the defendant's] right of familial association." *Id.*

Mr. Cohee argues that, as in *Bear*, there is insufficient evidence in the record to support a special condition that infringes on his familial rights. He notes that his most recent sex offense conviction was in 1997, twenty years before his latest revocation of supervised release. And he contends there is no other evidence that he

has a present propensity to commit sexual offenses or a proclivity towards sexual violence. He maintains further that "there is no evidence that he is in any way a risk to his own young daughter, whom he has never met." Aplt. Opening Br. at 14.

The government responds that, unlike in *Bear*, Mr. Cohee's previous sex offenses are not the only evidence in the record supporting the special condition requiring supervised contact with his minor child. It points to other evidence from which the district court could have concluded that Mr. Cohee "has a continuing propensity for recidivism, a continuing propensity for violence against women, an inability to succeed in completing terms of probation or supervised release, and mental and physical health issues, which make him a potential danger to others, including his daughter, who is a stranger to him." Aplee. Br. at 23-24; *see also id.* at 28-30 (citing supporting evidence). This evidence includes Mr. Cohee's recent disorderly conduct conviction, in 2013, for making phone calls threatening the life of the mother of his minor daughter. This conviction also resulted in a state no-contact order with the child's mother.

Although confronted with this evidence, Mr. Cohee addresses none of it and makes no effort to demonstrate that it is irrelevant or fails to involve compelling circumstances sufficient to support the special condition of supervised release limiting his contact with minors, including his own daughter. We will not make

10

these arguments for him. Consequently, Mr. Cohee fails to show, under *Bear*, that the district court plainly erred in imposing this special condition.[3]

## III.    Conclusion

The judgment of the district court is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[3] Mr. Cohee appears to contend in his reply brief that the district court's *findings* supporting the special condition, which referenced only his remote criminal history, were insufficient. He did not make this argument in his opening brief. Although we choose to apply plain error review despite Mr. Cohee's failure to address that standard of review in his opening brief, we decline to reach this argument of error raised only in his reply. In any event, even if the district court plainly erred in the extent of its findings, Mr. Cohee fails to satisfy the third prong of plain error review by showing that the error affected his substantial rights. *See Burns*, 775 F.3d at 1224. He has not demonstrated that, but for the district court's error, there is a reasonable probability that the court would not have restricted his contact with his daughter. *See id.* (holding, based on lack of evidence, that the district court probably would have rejected a limitation on the defendant's contact with his own child).

11