**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANTHONY WRIGHT, a/k/a
Playboy, a/k/a Rose,

    Defendant-Appellant.

No. 17-1191
(D.C. No. 1:06-CR-00195-DME-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Convicted of conspiracy and bank fraud, Mr. Anthony Wright was sentenced to 70 months' imprisonment and 5 years' supervised release. *See* 18 U.S.C. §§ 371, 1344. During Mr. Wright's supervised-release term, the district court ordered revocation of supervised release for violation of the conditions and imposed a new sentence of 12 months' imprisonment and 2

---

[*]     The parties have not requested oral argument, and it would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

years' supervised release. For the new term of supervised release, the district court imposed special conditions that (1) required testing for drug abuse, (2) authorized drug treatment at the probation office's direction, and (3) prohibited the consumption of alcohol. Mr. Wright challenges these conditions, contending that the district court had

- abused its discretion because the new conditions were unnecessary and

- improperly delegated judicial discretion over whether to require drug treatment.

We disagree. The district court did not abuse its discretion and did not improperly delegate judicial discretion. Thus, we affirm.

## I.   We review the special conditions for an abuse of discretion.

At sentencing, Mr. Wright objected to the special conditions, arguing that they were unnecessary. We review the imposition of these conditions for an abuse of discretion and "'will not disturb the district court's ruling absent a showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.'" *United States v. Flaugher*, 805 F.3d 1249, 1251 (10th Cir. 2015) (quoting *United States v. Bear*, 769 F.3d 1221, 1226 (10th Cir. 2014)).

District courts have broad discretion to impose special conditions for supervised release. *Bear*, 769 F.3d at 1226. But Congress has limited this discretion in 18 U.S.C. § 3583(d), which sets out three requirements for special conditions.

First, the conditions must be reasonably related to

- the nature and circumstances of the offense,

- the defendant's history and characteristics,

- the deterrence of criminal conduct,

- the protection of the public from further crimes by the defendant, or

- the defendant's educational, vocational, medical, or other correctional needs.

*United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011).

Second, the conditions must involve no greater deprivation of liberty than is reasonably necessary to deter criminal activity, protect the public, and promote the defendant's rehabilitation. *Id.*

Third, the conditions must be consistent with the Sentencing Commission's policy statements. *Id.*

## II. The district court did not abuse its discretion in requiring drug testing and authorizing drug treatment.

The sentencing guidelines recommend drug treatment when the district court has reason to believe that the defendant is abusing controlled substances. U.S. Sentencing Guidelines Manual § 5D1.3(d)(4). Under the guidelines, drug treatment can include testing. *Id.*

Mr. Wright argues that (1) there was little or no evidence of continued drug abuse, and (2) he already completed a drug-treatment program. We reject these arguments.

3

Prior to the initial sentencing, Mr. Wright admitted that he had used marijuana weekly before his arrest. He also expressed optimism that he would benefit from drug treatment while on supervised release. But he was unsure whether he could refrain from marijuana use.

Mr. Wright admits that he tested positive for marijuana while on supervised release. And in the petition for revocation, the probation office alleged under oath that Mr. Wright had failed to take drug tests on two occasions. Though this allegation was dismissed, defense counsel admitted that Mr. Wright had failed to take these tests, blaming problems with transportation but conceding that the probation office never received notification of the transportation problem. And a probation officer stated under oath that Mr. Wright had been arrested in 2017 for possession of a controlled substance. *See United States v. McGhee*, 869 F.3d 703, 706 (8th Cir. 2017) (per curiam) (stating that the court can consider dismissed violations of supervised release involving an arrest).

In these circumstances, the district court had reason to believe that Mr. Wright had recently been using marijuana, which could be considered abuse of a controlled substance. *See United States v. Cooper*, 171 F.3d 582, 587 (8th Cir. 1999) ("'When it comes to controlled substances, unlike alcohol which can be consumed legally, a user is by definition an abuser.'" (quoting *United States v. Simmons*, 130 F.3d 1223, 1224 (7th Cir. 1997))). Thus, the district court had discretion to require drug testing and to

4

authorize drug treatment. U.S. Sentencing Guidelines Manual § 5D1.3(d)(4); *see also United States v. Jordan*, 485 F.3d 982, 985 (7th Cir. 2007) (stating that drug-treatment conditions "are not necessarily reserved for individuals with extensive . . . histories of drug . . . abuse").

Mr. Wright relies on *United States v. Napier*, 463 F.3d 1040 (9th Cir. 2006). There the district court imposed similar special conditions based on a 20-year-old conviction for selling cocaine and the vague accusations of a coworker, who believed that the defendant was abusing "some type of substance." *Napier*, 463 F.3d at 1044–45. The Ninth Circuit vacated the special conditions, determining there was no reason to believe that the defendant had abused drugs or alcohol. *Id.* at 1045. In contrast, the district court here had evidence that Mr. Wright had used a controlled substance within the recent past.

Mr. Wright also contends that drug treatment was unnecessary because he had already participated in a treatment program. The district court had discretion to reject this contention. Mr. Wright completed a drug-treatment program when he was initially put on supervised release. But the court had evidence of (1) a later drug test showing marijuana use and (2) two failures to appear for drug tests. This evidence gave the district court reason to question the effectiveness of the earlier drug treatment.

\* \* \*

5

The district court's special conditions involving testing and treatment for drugs

- were reasonably related to Mr. Wright's history and characteristics,

- did not involve a greater deprivation of liberty than reasonably necessary, and

- were consistent with § 5D1.3(d)(4).

*See* 18 U.S.C. § 3583(d). Accordingly, the district court did not abuse its discretion in imposing the new special conditions involving testing and treatment for drugs.

### III. The district court did not abuse its discretion in requiring Mr. Wright to abstain from alcohol.

Mr. Wright also argues that the district court abused its discretion in banning alcohol while he was on supervised release. We disagree.

As Mr. Wright points out, the record does not contain any evidence that he has abused alcohol. But the sentencing guidelines recommend an alcohol ban when the court has reason to believe that the defendant is abusing a controlled substance. U.S. Sentencing Guidelines Manual § 5D1.3(d)(4).

As discussed above, the district court had reason to believe that Mr. Wright had abused marijuana. *See* p. 4, above. Under these circumstances, the district court did not abuse its discretion in banning alcohol.

6

**IV.    The district court did not err in delegating discretion over drug treatment.**

In his opening brief, Mr. Wright argued that the district court had plainly erred by delegating its discretion to the probation office, which could decide whether to require drug treatment.[1] A delegation is impermissible it if implicates a "significant liberty interest, such as one requiring the defendant to participate in residential treatment . . . ." *United States v. Mike*, 632 F.3d 686, 696 (10th Cir. 2011).

In responding, the government argued that the special condition would be problematic only if it were read to allow the probation office to unilaterally require treatment in a residential program. The government asks us to avoid this problem by narrowly construing the condition to prohibit the probation officer from requiring residential treatment. *See United States v. Bear*, 769 F.3d 1221, 1231 (10th Cir. 2014) (narrowly construing a broadly worded special condition to prevent the probation office from unilaterally ordering residential mental-health treatment in order to avoid a delegation issue); *Mike*, 632 F.3d at 696 (same).

In his reply brief, Mr. Wright admitted that the special condition for drug treatment would not constitute plain error if the condition were read

---

[1]     Mr. Wright did not raise this issue in district court. He therefore seeks review under the plain-error standard. *See United States v. Bear*, 769 F.3d 1221, 1230 (10th Cir. 2014).

in this manner. Thus, Mr. Wright agrees with the government's requested interpretation of the condition.

Like the parties, we interpret the condition in a way that prevents placement in residential treatment based solely on the probation office's recommendation. With this interpretation, Mr. Wright concedes that the condition would not constitute plain error.

**V.    Conclusion**

The district court did not abuse its discretion in imposing the new special conditions based on evidence that Mr. Wright had tested positive for marijuana and missed two drug tests. Nor did the district court plainly err by delegating discretion over whether to order drug treatment. Accordingly, we affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge

8