FILED
United States Court of Appeals
Tenth Circuit

February 4, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GUILLERMO LOPEZ-CASILLAS,

    Defendant - Appellant.

No. 17-4180
(D.C. No. 2:15-CR-00488-JNP-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MORITZ**, and **EID**, Circuit Judges.
_____

This case is before us as an appeal by Guillermo Lopez-Casillas of the

imposition of special conditions of supervised release.  Lopez-Casillas tells us that

the imposition of special conditions following 262 months' imprisonment is

impermissible for reasons we discuss herein.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# I

In sum, Lopez-Casillas complains that the special conditions imposed as part of his sentence for possession of methamphetamine and cocaine with intent to distribute are: (1) unconstitutional delegations of judicial authority to probation; (2) inadequately explained by the district court; and (3) unsupported by the record. The special conditions that Lopez-Casillas is particularly concerned with require he submit to drug and alcohol testing, participate in substance abuse evaluation and/or treatment, avoid contact with members of criminal street or prison gangs, and refrain from wearing clothing or receiving tattoos associated with gangs.

On our review of the record, we determine that the complaints brought to us were not raised before the district court. Because these complaints were not advanced below, we review under plain error. Yet, plain error was not raised in the opening brief, and the incomplete assertion of plain error appears for the first time in a footnote in the reply brief. Moreover, even were we to excuse Lopez-Casillas' lapse, there is no assertion of error, plain or otherwise, that is meritorious.

# II

Lopez-Casillas argues he preserved his challenges to the special conditions in question by stating at the sentencing hearing that he would be "in jail with a bunch of gang members" and does not "have no drug abuse." But because neither statement was "definite enough to indicate to the district court the precise ground for [his] complaint[s]," his challenges were not preserved. United States v. Winder, 557 F.3d 1129, 1136 (10th Cir. 2009) (quotations omitted).

2

We review unpreserved challenges to a sentence for plain error.  United States v. Bear, 769 F.3d 1221, 1230 (10th Cir. 2014).  To satisfy this standard, Lopez-Casillas "must establish (1) that the district court committed error, (2) that the error was plain, and (3) that the error affected his substantial rights."  Id. (quotation omitted).

Lopez-Casillas fails to argue plain error until a footnote in his reply brief.  And that footnote ignores the second prong of plain error review, requiring Lopez-Casillas to show that the error was "clear or obvious under current, well settled law."  United States v. Ibarra-Diaz, 805 F.3d 908, 929 (10th Cir. 2015) (quotation omitted).  Accordingly, Lopez-Casillas waived his challenges to the special conditions of supervised release.  See United States v. Lamirand, 669 F.3d 1091, 1098 n.7 (10th Cir. 2012).

In any event, Lopez-Casillas' attempts to establish plain error are utterly without merit.  First, he does not identify any cases from the Supreme Court or this circuit holding that similar gang- and substance-related conditions of supervised release are unconstitutional delegations of judicial authority to probation.  See United States v. DeChristopher, 695 F.3d 1082, 1091 (10th Cir. 2012) ("In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." (quotation omitted)).

Second, the district court did not plainly fail to adequately explain its basis for imposing the conditions.  It justified the substance-related special conditions by reference to the "offense of conviction, [Lopez-Casillas'] self-reported drug use, and

3

his criminal history." As to the gang-related special conditions, the court stated they were necessary "to provide for community safety" because Lopez-Casillas "has been involved in a criminal street gang." Because the challenged conditions do not implicate a "significant liberty interest," we require no more than a "generalized statement of its reasoning," which the district court provided in this case. United States v. Mike, 632 F.3d 686, 693, 696 (10th Cir. 2011) (quotation omitted).

Finally, both sets of special conditions are not plainly unsupported by the record. Lopez-Casillas had at least four separate narcotics convictions and one DUI (alcohol) conviction. And multiple police reports from prior convictions identify Lopez-Casillas as a member of the Witmer gang. The challenged special conditions were thus "reasonably related to at least one of . . . the nature and circumstances of the offense, the defendant's history and characteristics, . . . [and] the protection of the public from further crimes of the defendant." Id. at 692. Lopez-Casillas' assertions to the contrary border on frivolous. Further, Lopez-Casillas has not shown that the conditions plainly involved a "greater deprivation of liberty than is reasonably necessary." Id.

### III

For the foregoing reasons, the district court's sentence is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4