**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**May 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

MICHAEL LAWRENCE HARRIS,
a/k/a Mike Vic,

   Defendant - Appellant.

No. 25-5108
(D.C. No. 4:24-CR-00313-SEH-1)
(N.D. Okla.)

———————————————

## ORDER AND JUDGMENT*

———————————————

Before **MATHESON**, **MORITZ**, **FEDERICO**, Circuit Judges.

———————————————

Appellant Michael Harris pleaded guilty to being a felon in possession

of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The district

court sentenced him to forty-six months in prison, followed by three years

of supervised release with several special conditions. Harris now challenges

---

\* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

one of those special conditions – required participation in a mental health treatment program. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I

"District courts have broad discretion to impose special conditions of supervised release." *United States v. Bear*, 769 F.3d 1221, 1226 (10th Cir. 2014). Under 18 U.S.C. § 3583(d), which cross-references 18 U.S.C. § 3553(a), a special condition must "be reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs." *Bear*, 769 F.3d at 1226. A special condition also must "involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation." *Id.* And it must "be consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.*

The district court imposed a special condition of supervised release requiring Harris to "successfully participate in a program of mental health treatment and follow the rules and regulations of the program." R. I at 19. Had Harris objected to that special condition when it was imposed, we

would review it for an abuse of discretion. *See United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011). But he did not object at sentencing, so we review only for plain error. *See id.* Under the plain-error standard, Harris "must show: (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 691–92 (internal quotation marks omitted).

## II

At the sentencing hearing, the district court referenced Harris's past mental health issues and determined he should receive mental health treatment during his supervised-release term:

> The defendant is 47 years old with a history of substance abuse, *some mental illness*, and criminal convictions.

> Based on these factors, a sentence within the advisory guideline range will serve as an adequate deterrent to this defendant as well as others, promote respect for the law, provide just punishment for the offense, and provide protection for the public. Sentencing disparities among defendants were considered in determining an appropriate sentence in this case.

> A term of supervised release is appropriate with special conditions based upon the aforementioned factors and will allow Defendant time to reintegrate into the community upon release from imprisonment, be monitored for future law violations, *and receive appropriate* substance abuse and *mental health treatment.* . . .

> The Court recommends the defendant be placed in a facility that will allow him an opportunity to participate in the Bureau of Prisons' Residential Drug Abuse Program *as well as*

3

> *the most comprehensive mental health treatment program available.*

R. II at 51–52 (emphasis added).

Harris contends the district court erred by imposing a special condition requiring mental health treatment without an adequate basis or explanation. He faults the district court for "never explain[ing] or address[ing] what mental illness Harris had at the time of sentencing or why a special condition requiring mental health treatment would help meet the sentencing goals set out in 18 U.S.C. § 3553(a)." Op. Br. at 9.

The Government counters that the district court's reasoning satisfied its minimal obligation to "make an individualized assessment" and to "provide a generalized statement of its reasoning." Resp. Br. at 8 (quoting *United States v. Martinez-Torres*, 795 F.3d 1233, 1237 (10th Cir. 2015), and *Mike*, 632 F.3d at 693).

We need not decide whether the district court's explanation was adequate. Even if we assume the district court committed plain error in this regard, Harris has not carried his burden to show that the error (if any) affected his substantial rights, as required by prong three of the plain error analysis. *See United States v. Berryhill*, 140 F.4th 1287, 1293 (10th Cir. 2025) (stating that a defendant must satisfy all four prongs to prevail under the demanding plain-error standard).

## III

"An error affects substantial rights if there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Sweet*, 107 F.4th 944, 962 (10th Cir. 2024) (internal quotation marks omitted), *cert. denied*, 145 S. Ct. 1221 (2025). Under plain-error review, we may vacate a special condition of supervised release "only if the record reveals no basis" for the condition. *United States v. Francis*, 891 F.3d 888, 898 (10th Cir. 2018) (internal quotation marks omitted). "This is because if the record reveals a basis, there is no reasonable probability that but for the error the defendant's sentence would be different and thus the proceeding's fairness was not impacted." *Id.* (brackets and internal quotation marks omitted).

The record here contains at least two bases for mental health treatment.

*First*, the presentence investigation report (PSR) stated that Harris has benefited from counseling and is interested in future mental health services. R. IV at 10. Harris did not object to these statements in the PSR.

*Second*, this court has held that "a defendant's 'long record of violent incidents'" or "track record of violent behavior" can "support a conclusion that mental health counseling is appropriate." *United States v. Jereb*, 882 F.3d 1325, 1345–46 (10th Cir. 2018) (quoting *United States v. Barajas*, 331

F.3d 1141, 1147 (10th Cir. 2003)); *see also United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir. 2000) (affirming a condition requiring a defendant to undergo mental health counseling where defendant's PSR reflected a history of incidents involving threats and violence) (cited with approval in *Jereb*, 882 F.3d at 1346, and *Barajas*, 331 F.3d at 1147). When such a record exists, mental health counseling bears a reasonable relationship to a defendant's history and characteristics, as required by §§ 3553(a)(1) and 3583(d). *Jereb*, 882 F.3d at 1345–46.

Harris's PSR details several violent past offenses. His prior convictions include aggravated robbery, in which Harris took another person's property by threatening him with a knife and gun (at age 27), and domestic assault and battery of his girlfriend (at age 47). And his conviction in this case stemmed from two separate violent episodes – a gun fight, and an incident in which Harris held a gun to someone's head. These offenses, together, constitute a "track record of violent behavior" that supports a special condition requiring mental health treatment. *Jereb*, 882 F.3d at 1346.

Because the record supports the challenged special condition, there is no "reasonable probability that, but for the error claimed, the result of the proceeding would have been different," *Sweet*, 107 F.4th at 962 (internal quotation marks omitted).  Harris has not shown plain error.

6

AFFIRMED.

Entered for the Court

Richard E.N. Federico
Circuit Judge