Chittenden,
J. The defendant in error, David Landesman, fell upon the railway track on one of the streets of the city of Toledo in the night season and was injured by a car of the plaintiff in error. A verdict and judgment were rendered in favor of the defendant in error, and the judgment was affirmed by this court.
We have made a careful examination of the reasons advanced by the plaintiff in error for a rehearing of this case. Upon consideration thereof, each member of the court adheres to the views entertained at the time the case was decided, and as expressed in the written opinions then filed.
*80 It is urged that the effect of the decision announced by the majority of the court is to permit the jury to guess and speculate in arriving at their verdict. The court is entirely familiar with the cases cited upon this feature of the case, and has many times applied the doctrine announced in those cases. A majority of the court are of opinion that the effect of their decision is not as claimed by counsel for plaintiff in error, and we do not care to add anything to what was stated in the opinion heretofore rendered.
Counsel for plaintiff in error have made a very careful review of cases decided by the supreme court, circuit courts and courts of appeals of this state upon the doctrine of the last clear chance. We have read the brief upon this subject with great interest and have given very careful consideration to this important subject. We will not undertake to enter into any discussion or analysis of the many cases commented upon, but will only state that we think that the correct rule is announced in the case of Drown v. Northern Ohio Traction Co., 76 Ohio St., 234, in which the court, on page 248, say:
“According to the better view with reference to injuries to travelers at highway crossings — as distinguished from injuries to trespassers and bare licensees upon railway tracks at places where they have no legal right to be — the servants of the railway company are bound to keep a vigilant lookout in front of advancing engines or trains, to the end of discovering persons exposed to danger on highway crossings; and the railway company will be liable for running over them if, by maintaining *81 such a lookout and by using reasonable care and exertion to check or stop its train, it could avoid injury to them.”
We think that this principle is recognized and announced in the later case of Steubenville & Wheeling Traction Co. v. Brandon, 87 Ohio St., 187. The distinction to be drawn between cases where liability depends upon actual knowledge and those where liability rests upon a failure to exercise ordinary care in ascertaining, the dangerous situation of the plaintiff is found stated in the above cases; namely, actual knowledge may be necessary when the injured person is a trespasser upon tracks, or a mere licensee; whereas the defendant is bound to exercise ordinary care to ascertain the presence in a dangerous situation of one rightfully on the track and likely to be injured.
This court has recognized this distinction in a number of cases. We call attention to the case of The Cleveland, Painesville & Eastern Railroad Co. v. Stevenson, Admr. of the Estate of John S. Frischkorn, decided in Cuyahoga county on January 11, 1915. The opinion may be found in Volume 7, page 244, of the unpublished opinions of this court. In speaking of the duty of a motorman, upon an interurban car approaching a highway crossing in the open country, we said:
“It is his duty to keep a vigilant lookout in front of his advancing car that he may discover persons exposed to danger on highway crossings, and when he does discover, or in the exercise of ordinary care would discover, that persons will not refrain from going upon the crossing, it is his duty to exercise ordinary care t.o check or stop his car in order to avoid injuring them.”
*82 To the same effect is the case of The Ohio Electric Railway Co. v. Sarah Leininger, Admx., decided January 10, 1916, and found in Volume 10, page 128, unpublished opinions of this court.
The rule above announced took cognizance of the fact that one upon a highway crossing was not a trespasser upon the tracks of the defendant company. So, in the streets of a city, a pedestrian is not a trespasser upon the tracks of the company in attempting to cross such tracks, although not at a street intersection.
Especial attention has been called' to the case of Cincinnati Traction Co. v. Edwards, 22 C. C., N. S., 539. It is claimed that this case is in conflict with the decision announced in the case now under review, upon the question of last chance. Counsel say that certified copies of the pleadings and other papers are submitted with the brief, but we do not find them. In view of what Judge Gorman said concerning the pleadings and the evidence, we did not think it necessary to call on counsel to produce such copies,, it being plainly manifest that the case was not one of last chance.
We strongly feel that the decision of the supreme court in the case of Erie Rd. Co. v. McCormick, 69 Ohio St., 45, while no doubt correct, in view of the state of the pleadings and the facts in that case, ought not to be extended to cases of the character of the one at bar.
Many illustrations readily occur to one to show that to strictly apply the rule contended for by counsel for plaintiff in error, namely, that the driver of an engine or car must have actual knowledge of one not a trespasser being in a perilous *83 position, before the so-called doctrine of last clear chance can be applied, would in many instances accomplish injustice instead- of justice. If a pedestrian were crossing a street railway track in a municipality and should be stricken with paralysis, by reason of which he fell in a helpless condition upon the track, and a street car was approaching at a sufficient distance that it might easily be stopped and prevent injury, by the exercise of ordinary care upon the part of the motorman, it would be anything but a just or humane law that would permit the railway company to escape liability by simply proving that the motorman did not see the man upon the track in his helpless condition, when, if the motorman had been exercising ordinary care in keeping a lookout ahead, he could and would have seen him in time to prevent the accident. Without multiplying illustrations, and without any further comment, we are unanimously of the opinion that the contentions of counsel for plaintiff in error to the effect that the doctrine of last chance can only apply in cases where the motorman has actual knowledge of the perilous position of the party in time to avert the accident, and does not apply to cases where the motorman in the exercise of ordinary care would have had such knowledge, can not be sustained.
The application for rehearing will be denied.

Rehearing denied.

Richards, J., concurs.