NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2925
_____

UNITED STATES OF AMERICA

v.

DANIEL ORTIZ,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N. J. No. 1-17-cr-00156-001)
District Judge: Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 10, 2018

Before:  CHAGARES, VANASKIE and FISHER, *Circuit Judges*.

(Filed: August 17, 2018)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Daniel Ortiz pled guilty to failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA).[1] The District Court imposed two special conditions of supervised release, both of which Ortiz appeals. We will affirm.

I.

In 2009, Ortiz pled guilty in Massachusetts to statutory rape of a child and indecent assault and battery of a child under 14 years of age. The rape and assault occurred in 2003. The victim was the 13-year-old daughter of his then-girlfriend, and the record indicates that he had sexual intercourse with her on at least two occasions. He was sentenced to a two-year term of imprisonment, with 18 months suspended, and three years' probation. Upon release in 2009, he was required to register as a sex offender. He registered in Connecticut and updated his registration once in 2011. In approximately 2014, Ortiz moved to New Jersey but never registered there. Between 2010 and 2016, Ortiz had three criminal convictions, two for third degree assault and one for resisting arrest, all of which arose from domestic violence incidents. In 2016, Ortiz was again arrested for a domestic aggravated assault. The police subsequently discovered that he had never registered in New Jersey. He was charged with and pled guilty to failure to register as a sex offender.

At sentencing, the District Court considered the requisite 18 U.S.C. § 3553(a) factors. The court sentenced Ortiz to 24 months' imprisonment followed by three years'

---

[1] 18 U.S.C. § 2250.

supervised release and imposed two special conditions on his supervised release. First, he was forbidden to associate with children under the age of 18, except for family members or children in the presence of an adult approved by his probation officer. Second, he was required to submit to polygraph examinations at intervals determined by his probation officer. Ortiz objected to these special conditions and now appeals them.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the District Court's imposition of special conditions of supervised release for abuse of discretion.[2]

## III.

Special conditions of release must be reasonably related to the factors specified in 18 U.S.C. § 3553 and must involve no greater deprivation of liberty than is reasonably necessary for the purposes of the statute.[3] Sentencing courts must consider, among other things, "(1) the nature and circumstance of the offense and the history and characteristics of the defendant and (2) the need for the sentence imposed to deter future criminal conduct, protect the public, and provide the defendant with necessary training, medical care, or other correctional treatment."[4] We have held that "[c]onditions of supervised

---

[2] *United States v. Voelker*, 489 F.3d 139, 143 n.1 (3d Cir. 2007).
[3] *United States v. Loy*, 191 F.3d 360, 370 (3d Cir. 1999).
[4] *Id.* (citing 18 U.S.C. § 3553(a)(1), (2)).

release must be supported by some evidence that the condition imposed is tangibly related to the circumstances of the offense, the history of the defendant, the need for general deterrence, or similar concerns."[5]

Ortiz argues that the conditions of his release do not reasonably relate to his history and characteristics, and involve a greater deprivation of liberty than is reasonably necessary. He rests his argument primarily on the fact that the rape occurred in 2003, which he says is too remote in time to justify the special conditions. We disagree.

The purpose of SORNA's registration requirement is "to protect the public from sex offenders and offenders against children."[6] Ortiz failed to comply with that requirement and was sentenced for his failure. The District Court disagreed with Ortiz's position that he no longer poses a threat to society. It explained that Ortiz's conviction for rape of a child, his violation of probation imposed for that crime, his history of repeated violence against his intimate female partners, and his instant offense of deliberately failing to register as a sex offender led the court to believe that Ortiz had not "learned to keep his hands off of people" and continued to pose a danger to the community.[7] Thus, the District Court appropriately based the special conditions on the circumstances of Ortiz's offense, his history, and the need for deterrence.

---

[5] *Voelker*, 489 F.3d at 144.
[6] 34 U.S.C. § 20901.
[7] App. 82.

A. Condition restricting association with minors

In *United States v. Maurer*, we affirmed a special condition restricting association with minors where the defendant had pled guilty to possession of child pornography.[8] The defendant there had "stated that he had a sexual interest in minors" and possessed a "substantial collection of child pornography," facts which, "taken together, suggest[ed] that [the defendant was] a risk to children."[9] Given that risk, we held that there was a "nexus" between the special condition restricting contact with minors and the "goals of deterrence and protection of the public" and that the restriction did not involve "a greater deprivation of liberty than . . . necessary."[10] Given that Ortiz's prior conviction also indicates that he poses a risk to children, the special condition restricting his contact with children was tangibly related to his history and the need for deterrence.

The temporal remoteness of the rape is insufficient to show an abuse of discretion. Ortiz cites no precedent from this Court establishing that the District Court cannot rely on a conviction to impose a special condition of supervised release merely because that conviction is not recent. Other Circuits have at times "take[n] a dim view of . . . sentencing conditions [restricting contact with minors] based on temporally remote sex offense convictions where there has been no subsequent similar conduct."[11] However, in the case Ortiz cites, where the First Circuit rejected special conditions based on

---

[8] 639 F.3d 72, 85 (3d Cir. 2011).
[9] *Id.*
[10] *Id.*
[11] *United States v. Del Valle-Cruz*, 785 F.3d 48, 59 (1st Cir. 2015).

temporally remote offenses, the district court had also "provided . . . no clue as to its reasoning," and the original sexual offense was less severe.[12] Here, the District Court provided ample clues as to its reasoning. It considered Ortiz's rape conviction in the context of his pattern of abusive intimate relationships and his noncompliance with the SORNA registration requirements.[13]

Registry requirements exist for the purpose of the ongoing protection of society, and Ortiz's conduct creates concerns that are not restricted to the past. His evasion of the registry creates a new concern about his risk of recidivism.[14] And, as the District Court noted, he has repeatedly violently abused girlfriends. The record also indicates that during one arrest for a domestic incident, there was a child present.

For all of these reasons, we conclude that the special condition limiting Ortiz's contact with children is reasonably related to his history and characteristics, and the District Court did not abuse its discretion by imposing it.

---

[12] *Id.* at 52, 62 (original offense was sexual battery against child by touching and kissing a fifteen year old); *see also United States v. Goodwin,* 717 F.3d 511, 523–24 (7th Cir. 2013) (describing the district court's "lack of explanation" for the restriction on contact with minors as "troubling" where original offense was attempted lewd and lascivious act in the presence of a child).

[13] New Jersey may not be the only state in which Ortiz failed to register. Ortiz obtained a commercial driver's license in Texas using a Texas address despite never registering in Texas.

[14] *See United States v. Morales-Cruz,* 712 F.3d 71, 75 (1st Cir. 2013) (holding that defendant "made a conscious choice to defeat [the] purposes" of SORNA by not registering, thereby permitting "the reasonable inference that his refusal to comply with these requirements poses a risk of recidivism").

B. Condition requiring polygraph testing

Ortiz argues that if we invalidate the first special condition, we should also invalidate the second, which requires periodic polygraph testing. The court stated that the polygraph condition was intended to "enforce[e] the prohibition against contact with children" and to ensure Ortiz was not violating child pornography laws.[15] If we were to reject the restriction on contact with minors, Ortiz contends that nothing in the record would support the polygraph testing condition. However, as we have explained, we will not invalidate the special condition restricting contact with minors, so Ortiz's tagalong argument about the polygraph condition also fails. The polygraph requirement is reasonably related to the sentencing factors for the same reasons we explained above with regard to the restrictions on contact with minors.[16]

The imposition of a polygraph requirement does not involve a greater deprivation of liberty than reasonably necessary.[17] We have held that periodic polygraph testing at the direction and discretion of a probation officer "does not impose a significantly greater demand . . . than that placed on any other probationer" because it is not substantially more burdensome to submit to the testing than it is to "report periodically to a probation

---

[15] App. 85.

[16] *Loy*, 191 F.3d at 370.

[17] *Id.*

7

officer and provide truthful answers to the officer's inquiries."[18] For these reasons, we will not disturb the second special condition.

IV.

Therefore, we will affirm the District Court's judgment.

---

[18] *United States v. Lee*, 315 F.3d 206, 214 (3d Cir. 2003).